**Donald NORWOOD, Appellant
(Defendant below),**

v.

**The CITY OF SHERIDAN, Appellee
(Plaintiff below).**

**No. 5006.**

Supreme Court of Wyoming.

April 10, 1979.

Jeffrey J. Gonda, of Lonabaugh & Vanderhoef, Sheridan, for appellant.

Harry F. Schwartz, City Atty., City of Sheridan, Sheridan, for appellee.

Before RAPER, C. J., and McCLIN-TOCK, THOMAS, ROSE and ROONEY, JJ.

ROSE, Justice.

The City of Sheridan brought this action against appellant-defendant, Donald Norwood, alleging that on November 24, 1977, he operated his motor vehicle in such a manner as to be in violation of § 31–5–233, W.S.1977,[1] which prohibits the driving of a motor vehicle while under the influence of intoxicating liquors. The City also complained that the appellant violated § 31–5–1103, W.S.1977,[2] which sets forth a motorist's duty to stop and give information and render aid after a motor vehicle accident.

1. Section 31–5–233, W.S.1977, provides:

"§ 31–5–233. Driving or in control of vehicle while under the influence of liquor prohibited; driving under influence of controlled substances prohibited; chemical analysis of blood, etc., as evidence; suspension of license, etc.

"(a) It is unlawful and punishable as provided in subsection (d) of this section for any person who is under the influence of intoxicating liquor, to a degree which renders him incapable of safely driving a motor vehicle, to drive any vehicle within this state.

"(b) Upon the trial of any criminal action or proceeding arising out of acts alleged to have been committed by any person while driving a vehicle while under the influence of intoxicating liquor, the amount of alcohol in the person's blood at the time alleged as shown by chemical analysis of the person's blood, urine, breath, or other bodily substance shall give rise to the following presumptions:

"(i) If there was at that time five one-hundredths of one percent (0.05%) or less by weight of alcohol in the person's blood, it shall be presumed that the person was not under the influence of intoxicating liquor;

"(ii) If there was at that time in excess of five one-hundredths of one percent (0.05%) but less than ten one-hundredths of one percent (0.10%) by weight of alcohol in the person's blood, such fact shall not give rise to any presumption that the person was or was not under the influence of intoxicating liquor, but such fact may be considered with other competent evidence in determining whether the person was under the influence of intoxicating liquor to a degree which renders him incapable of safely driving a motor vehicle;

"(iii) If there was at that time ten one-hundredths of one percent (0.10%) or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of intoxicating liquor, to a degree which renders him incapable of safely driving a motor vehicle;

"(iv) Percent by weight of alcohol in the blood shall be based upon grams of alcohol per one hundred (100) cubic centimeters of blood;

"(v) The foregoing provisions of subsection (b) shall not be construed as limiting the introduction of any other competent evidence bearing upon the question whether the person was under the influence of intoxicating liquor.

"(c) It is unlawful and punishable as provided in subsection (d) of this section for any person who is under the influence of any controlled substance or under the combined influence of alcohol and any controlled substance, to a degree which renders him incapable of safely driving a vehicle, to drive a vehicle within this state. The fact that any person charged with a violation of this subsection is or has been entitled to use the controlled substance under the laws of this state shall not constitute a defense against any charge of violating this subsection.

"(d) Every person convicted of violating this section shall be deemed guilty of a misdemeanor and shall be punished by a fine of not more than one hundred dollars ($100.00) or by imprisonment for not more than thirty (30) days or by both such fine and imprisonment. On a second or subsequent conviction he shall be punished by imprisonment for not more than sixty (60) days, and, in the discretion of the court, a fine of not more than two hundred dollars ($200.00).

"(e) Every person convicted under this section shall, in addition to the penalty above provided, have his driver's license suspended by the motor vehicle division of the Wyoming tax commission for a period of thirty (30) days for the first offense, and upon conviction of a second offense, shall have his driver's license suspended by the motor vehicle division of the Wyoming tax commission for a period of one hundred twenty (120) days, and for a third or subsequent conviction shall have his driver's license revoked by the motor vehicle division of the Wyoming tax commission for a period of one (1) year."

2. Section 31–5–1103, W.S.1977, provides:

"§ 31–5–1103. Duty to give information and render aid.

"The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person shall give his name, address, and the registration number of the vehicle he is driving and shall upon request and if available exhibit his operator's or chauffeur's license to the person struck or

At some time between 10:15 and 10:30 p. m., on November 24, 1977, the appellant, accompanied by two companions, was driving his 1977 four-wheel-drive pickup truck on North Main Street in the City of Sheridan. They had been drinking "a couple of beers or so." At the intersection of North Main and Fifth Street they stopped in the inside lane for the traffic light, and at this time and place Mr. Sayers' passenger vehicle was stopped in the outside lane. Sayers' wife and two children were passengers in his vehicle at all times mentioned herein. While waiting for the light, one of the passengers in the appellant's pickup opened the right door and swung it back and forth in a way which compelled another passenger in the same vehicle to testify that Sayers reacted as though he believed the swinging of the door was undertaken for the purpose of striking the Sayers automobile. According to the appellant and his witness, this appeared to make Sayers angry.

After the light changed, both vehicles proceeded through the intersection and continued driving north on North Main Street for a distance of four or five blocks. During this interval, there was some lane-changing by both vehicles and an attempt by the appellant to pass Sayers' car. As they proceeded, side-by-side, the Sayers automobile occupied the outside lane and the appellant was driving down the parking lane, which he continued to do for a distance of a "couple of blocks." One of appellant's passengers testified, "luckily there wasn't any cars parked along Main Street then."

While the vehicles were side-by-side with the appellant driving in the parking lane, they collided four times, resulting in damages to both vehicles. According to one of appellant's witnesses, the damage to the Sayers automobile was visible as the vehicles pulled apart from the last impact.

Neither driver stopped at the scene of the accident. Sayers pulled away from the last encounter as the appellant pursued him down Main Street for a distance of several blocks to the Skelly Truck Stop, where both drivers made U-turns to return south on Main Street. While the Sayers vehicle was proceeding south, appellant stopped his truck, where he and his passengers inspected for damages. They then returned to their vehicle, whereupon they attempted to overtake Sayers who was, by this time, some distance south on Main Street. When the appellant overtook Sayers, he threw some beer bottles at the Sayers automobile, testifying that he did this in an effort to stop Sayers and fight with him. Sayers did not stop, however, and the two vehicles continued driving side-by-side until they reached Dow Street, where Sayers turned left and drove to the police station to report the accident.

Mr. Sayers reported the accident at 10:35 p. m., giving the police the license number of the appellant's truck, whereupon the patrol cars were directed to locate the appellant and have him come to the station. This was done, and there is testimony that the appellant and his two companions arrived at the station about 20 minutes after the accident had been reported by Mr. Sayers. Officer Tucker testified that a citation was issued at 10:35 p. m., and therefore, the accident happened at "10:15 or so."

The appellant admitted he had been driving his truck when he was involved in an accident with Sayers. He also admitted that he had not stopped at the scene of the accident. Upon observing the appellant in the police station, Officer Tucker concluded that the appellant was under the influence of alcohol; and, at trial, he testified that he reached this conclusion because appellant's face was flared, his eyes were bloodshot, and he smelled of alcohol. Officer Hecht, who was also present at the station, came to the same conclusion concerning the condi-

the driver or occupant of or person attending any vehicle collided with and shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of

such person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person."

tion of the appellant. Appellant agreed to take the breathalizer test for blood alcohol content and, at 11:28 p. m., when the test was given, the result indicated appellant's blood alcohol content to be .168. This percentage of blood alcohol raises a presumption of intoxication under the applicable statute. § 31–5–233(b)(iii), supra.

We are fully aware that the above statement of facts is, in some material respects, inconsistent with the appellant's version of what happened, and in conflict with the testimony of appellant and his witnesses. For example, the appellant takes serious issue with the approximately 20-minute interval between the time when the officer testified the accident occurred and appellant's appearance at the police station. He reacts defensively to this testimony since it conflicts with an effort to fortify his evidence, which says that he was not intoxicated when he was driving and had the encounter with the complaining witness. It flies in the face of his evidence to the effect that appellant and his friends spent considerable time in drinking at his home between the time of the encounter with the complaining witness when he *was* driving and the time when they were later picked up by the police and ordered to the police station when he was *not* driving. There was, however, sufficient evidence on the subject of the approximately 20-minute time interval which, even though in conflict, could have been, and apparently was, believed by the court.

In addition, while the appellant's "pursuit" of Sayers might be construed to have been an effort to comply with § 31–5–1103, supra, the fact that appellant did not follow Sayers to the police station to report the accident mitigates against any such conclusion. Besides, appellant testified that he wanted to stop so that appellant could fight with him. Although the evidence is lean, it is sufficient.

### Issue Upon Appeal—Sufficiency of Evidence

The only issue in this appeal is whether there is sufficient evidence to support the judgment of the court. We will hold that there is.

When the appellant charges a lack of sufficient evidence to sustain the judgment of the court as a fact-finder, we must assume the evidence in favor of the City is true. *Dryden v. State,* Wyo., 535 P.2d 483; and *Harris v. State,* Wyo., 487 P.2d 800. Further, we will give the City's evidence every favorable inference which may be reasonably and fairly drawn. *Cullin v. State,* Wyo., 565 P.2d 445; and *Russell v. State,* Wyo., 583 P.2d 690. Reasonable inferences may be relied on to sustain a conviction and we must indulge any favorable inferences in favor of the trial court's finding. *Hurst v. State,* Wyo., 563 P.2d 232. See, *Dodge v. State,* Wyo., 562 P.2d 303; *Hampton v. State,* Wyo., 558 P.2d 504; *Evanson v. State,* Wyo., 546 P.2d 412; and *Shafsky v. State,* Wyo., 526 P.2d 60.

We find, under the facts and these rules which delineate the scope of appellate inquiry when sufficiency of the evidence is in issue, that there was adequate, even though conflicting, evidence in the record which would allow the court to find and hold that the defendant violated § 31–5–233, supra, and § 31–5–1103, supra.

Affirmed.