James William CRUM, Appellant (Defendant),

v.

The CITY OF ROCK SPRINGS, Appellee (Plaintiff).

No. 5693.

Supreme Court of Wyoming.

Oct. 15, 1982.

Harley J. McKinney, of Pickett & McKinney, Rock Springs, for appellant.

No appearance for appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

BROWN, Justice.

Appellant was found guilty in municipal court of violating Rock Springs City Ordinance No. 5–157, driving while under the influence of alcohol. He appealed to the District Court for the Third Judicial District, Sweetwater County, Wyoming, which affirmed the municipal court. He argues on appeal that he was not properly advised of his rights, and that the City failed to prove the elements of the offense with which he was charged.

Appellant had been given a blood alcohol test, but the municipal court found that the results were inadmissible. It ruled that sufficient evidence had been presented without the admission of the blood test results to find appellant guilty. We reverse because we agree with appellant's contention that the evidence was insufficient to support his conviction.

Rock Springs City Ordinance No. 5–157(a), in effect at the time of appellant's arrest and trial, provided:

"It is unlawful * * * for any person who is under the influence of intoxicating liquor to a degree which renders him incapable of safely driving a motor vehicle, to drive or have actual physical control of any vehicle within the City of Rock Springs."

The elements of the offense are (1) that the person charged (2) be under the influence of intoxicating liquor (3) to a degree which renders him incapable of safely driving a motor vehicle; (4) that the accused be driving or in actual physical control of a vehicle (5) within the city of Rock Springs on or about a certain date. Each of the elements must be proved to establish a prima facie case. There was no question concerning the identity of the appellant. The testimony that he had been driving an automobile within the city of Rock Springs on or about

November 7, 1981, was also uncontroverted. There was testimony that appellant twice drove through intersections with red lights, so that the trier of fact could have inferred that appellant was incapable of safely driving a motor vehicle. There was, however, a failure of proof of the element that the appellant was under the influence of intoxicating liquor.

Evidence of a blood test is not required to prove that a person was under the influence of intoxicating liquor. *Hammer v. Town of Jackson*, Wyo., 524 P.2d 884 (1974). Here, the arresting officer presented the only testimony concerning appellant's appearance and behavior. The officer testified that appellant's face was flushed, that his speech was slurred, that he was having some trouble maintaining his balance without leaning up against his car, and that he could not perform the field sobriety tests "too well."

"I asked him to stand with his right leg out in front of him and (transcriber cannot understand). And he couldn't do this without putting his foot down several times. I asked him to take five steps forward, heel to toe, and then turn around and take five steps back towards the heel to toe. He couldn't do this without catching his balance several times. I asked him to stand at modified attention with his head back and his eyes closed, and he swayed very badly in this position."

The testimony by the policeman that the appellant did not do "too well" on the sobriety test is not enough by itself to allow a trier of fact to draw a reasonable inference of intoxication. We would be adopting a rule permitting an inference of intoxication to be drawn from a decision to test for intoxication. A person could fail to do "too well" on a sobriety test for a number of reasons having nothing to do with intoxicating liquor:

" ' * * * There are approximately 60 pathological conditions that have symptoms similar to those of alcoholism. An apparent alcoholic condition might not be

due to alcohol at all. It may be merely the result of injury or sickness. People taking medicines often act as if they had been imbibing too freely. The diabetic in need of, or with an overdose of, insulin may act as if he were intoxicated. Injuries to the nervous system or a concussion of the brain may create alcoholic symptoms. * * * '" *People v. Butts,* 201 N.Y.S.2d 926, 932, 21 Misc.2d 799 (1960), citing from New York Leg.Doc., 1953, No. 25, pp. 11–12.

■ The above-cited case went on to hold that a chemical test was required to obtain a conviction, something which we have already ruled is not necessary. *Hammer v. Town of Jackson,* supra. We have indicated, however, that there must be some evidence of ingestion of alcohol. *Goich v. State,* 80 Wyo. 179, 339 P.2d 119 (1959), concerned a statute with essentially the same wording as the Rock Springs ordinance. We said the trial court had properly instructed that the phrase "under the influence of intoxicating liquor" meant that a person had taken into his stomach a sufficient quantity of intoxicating liquor so as to deprive him of the normal control of his bodily or mental faculties. Without appellant's admission that he had been drinking, or without someone else's testimony that they had seen appellant drinking, or without an observation of the odor of alcohol, or the presence of alcohol in appellant's car, or without some evidence linking appellant to alcohol, the inference is just as reasonable that defendant had not been drinking. We hold that there must be some evidence linking an accused with intoxicating liquor before the prosecution can meet the burden of proving that an accused is under the influence of intoxicating liquor.

"This court will 'view the evidence in a light most favorable to the prosecution and determine questions of law as to whether there is substantial evidence, direct or circumstantial, or both, which, with the reasonable inferences that may be drawn therefrom, will sustain the verdict.'" *Blakely v. State,* Wyo., 542 P.2d 857, 863 (1975).

Here, without any evidence tending to establish that intoxicating liquor was responsible for appellant's behavior and appearance, the evidence was not sufficient "to form the basis for a reasonable inference of guilt beyond a reasonable doubt." *Harvey v. State,* Wyo., 596 P.2d 1386, 1387 (1979).

Appellant was under no duty to explain his actions; the prosecution had the burden of proof. If the prosecution had presented any evidence linking the appellant with alcohol, then appellant would have been well advised to provide some explanation if he wanted to rebut the prosecution's proof of the element of being under the influence of intoxicating liquor. Here, there was no proof to rebut.

In *Norwood v. City of Sheridan,* Wyo., 593 P.2d 184 (1979), the appellant had been involved in an altercation with another driver, and used his car to batter the other car. He was arrested about an hour later. The appellant had presented evidence that he had been drinking after the incident, not before, and presented another explanation for the incident. One police officer had testified that appellant's face was "flared," his eyes were bloodshot, and he smelled of alcohol. The appellant's breathalizer test had shown a blood alcohol content of .168, which raised a statutory presumption of intoxication. We upheld the conviction in the Norwood case, but said that the evidence was lean. Other courts have ruled similarly, but all of them which upheld convictions showed that there had been some evidence concerning alcohol.

■ Other than the suppressed evidence that appellant's blood alcohol level was .13, there is no evidence concerning alcohol. Without it, appellant's conviction cannot be upheld.

"* * * [T]he belief in the guilt of the accused sufficient to convict must be based upon the evidence in the case. A lack of evidence to prove such guilt cannot be supplied by what a juror knows or believes. * * * Under our procedure he is required to base his verdict solely upon the evidence and law as given him by the

court. * * * " *Robinson v. State,* 18 Wyo. 216, 106 P. 24, 27 (1910).

The doctrine of the Robinson case is applicable here. The municipal judge was aware of the results of the blood test, but had ruled that this test was not admissible. He could not, therefore, use that knowledge to convict the appellant.

Reversed.

ROONEY, Justice, dissenting, with whom RAPER, Justice, joins.

The majority opinion is founded on the contention that there was no evidence submitted at the trial that appellant was under the influence of intoxicating liquor. I find the evidence to be plain and uncontroverted that he was under such influence.

After the arresting officer testified that he had stopped appellant after observing him drive his vehicle through two red lights, he testified:

"A. We observed him—I traced him and asked him for his driver's license, and he had a flushed appearance to his face; his speech was slurred, and he was having some trouble maintaining his balance without leaning up against his car. *I asked him to do some sobriety—field sobriety tests for me, which he did, and he did not perform them very well.*

"Q. What sobriety tests?

"A. I asked him to stand with his right leg out in front of him and (transcriber cannot understand). And he couldn't do this without putting his foot down several times. I asked him to take five steps forward, heel to toe, and then turn around and take five steps back towards the heel to toe. He couldn't do this without catching his balance several times. I asked him to stand at a modified attention with his head back and his eyes closed, and he swayed very badly in this position.

"*After giving him the tests I advised him that he was under arrest for driving while intoxicated.* * * * " (Emphasis added.)

A *sobriety* test is a test to determine whether or not a person is *sober.* "Sober" means "[m]oderate in, or abstinent from, the use of intoxicating liquors," Black's Law Dictionary, 5th Ed. "Intoxicated" means "[a]ffected by an intoxicant, under the influence of an intoxicating liquor," Black's Law Dictionary, 5th Ed.

The testimony then was that appellant was given tests to determine if he was sober, i.e., not under the influence of intoxicating liquor; that he did not do well in the tests; and that he was arrested for driving while intoxicated, i.e., while under the influence of intoxicating liquor.

The majority opinion suggests that there was no evidence to tie in appellant's appearance and behavior with a cause of intoxication, that there was no evidence "tending to establish that intoxicating liquor was responsible for appellant's behavior and appearance." I submit that the above-quoted testimony does just that. The tests given appellant were to determine if he was sober, i.e., not intoxicated. As a result of the tests, he was arrested for driving while intoxicated, i.e., under the influence of intoxicating liquor. Obviously, appellant was arrested because he failed the tests designed to determine whether or not he was under the influence of intoxicating liquor. Such evidence, in itself, permits a rational conclusion that appellant was under the influence of intoxicating liquor.

Inasmuch as there was absolutely no evidence to the contrary, it was within the right of the trial court to find as a matter of fact that appellant was under the influence of intoxicating liquor.

The district court, in affirming the holding of the police court, properly summarized the evidence on this issue:

" * * * After stopping him [appellant], he [the witness] noted the defendant's face was flushed, his speech slurred and his balance most unsteady. In short, he failed the *sobriety* test administered by the officer. * * * " (Bracketed material and emphasis added.)

The district court also properly noted the standard for consideration on appeal, quot-

ing from *Harvey v. State,* Wyo., 596 P.2d 1386, 1387 (1979):

> "The oft-repeated rule by which we test the sufficiency of evidence on appeal of a criminal matter is that we examine and accept as true the evidence of the prosecution, leaving out of consideration entirely the evidence of the defendant in conflict therewith, and we give to the evidence of the prosecution every favorable inference which may reasonably and fairly be drawn therefrom. Stated another way—it is not whether the evidence establishes guilt beyond a reasonable doubt for us, but rather whether it is sufficient to form the basis for a reasonable inference of guilt beyond a reasonable doubt to be drawn by the jury when the evidence is viewed in the light most favorable to the State. [Citations.]"

Also referring to *Reinholt v. State,* Wyo., 601 P.2d 1311, 1312 (1979); *City of Rock Springs v. Police Protection Association,* Wyo., 610 P.2d 975, 980 (1980); *Brittain v. Booth,* Wyo., 601 P.2d 532, 535 (1979).

The evidence was not only sufficient to form the basis for a reasonable inference of guilt beyond a reasonable doubt, it was sufficient to establish, without any inference, the finding by the fact finder of guilt beyond a reasonable doubt.

I would affirm the district court's affirmance of the judgment of the city court.