**Curtis Wayne SIMMONS, aka Apache Simmons, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 84–51.**

Supreme Court of Wyoming.

Sept. 21, 1984.

Leonard D. Munker, Public Defender, and Sylvia Lee Hackl, Appellate Counsel, Wyoming Public Defender Program, Cheyenne, signed the brief, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., and Michael A. Blonigen, Asst. Atty. Gen., signed the brief, for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

ROONEY, Chief Justice.

Appellant, Curtis Wayne (Apache) Simmons, was convicted on a trial to the court of aiding and abetting delivery of a controlled substance in violation of §§ 6-1-114 [1] and 35-7-1031(a)(ii) [2], W.S.1977. He words the single issue on appeal as follows:

---

1. Section 6-1-114, W.S.1977, provides:
   "Every person who shall aid or abet in the commission of any felony, or who shall counsel, encourage, hire, command, or otherwise procure such felony to be committed, shall be deemed an accessory before the fact, and may be indicted, informed against, tried and convicted in the same manner as if he were a principal, and either before or after the principal offender is convicted or indicted or informed against; and upon such conviction he shall suffer the same punishment and penalties as are prescribed by law for the punishment of the principal."

This section has been amended and renumbered and is now § 6-1-201, W.S.1977 (June 1983 Replacement).

2. Section 35-7-1031(a)(ii), W.S.1977, provides:
   "(a) Except as authorized by this act [§§ 35-7-1001 to 35-7-1055], it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance. Any person who violates this subsection with respect to:

   *    *    *    *    *    *

   "(ii) Any other controlled substance classified in Schedule I, II or III, is guilty of a crime

"Whether the evidence was insufficient to support Appellant's conviction of aiding and abetting the delivery of a controlled substance."

We affirm.

■ Appellant acknowledges that the standard for review of the sufficiency of the evidence is "well-known" and "presents a formidable hurdle to an appellant." We test the sufficiency of the evidence on appeal by examining and accepting as true the evidence of the prosecution, leaving out of consideration entirely the evidence of the defendant in conflict therewith; we give every favorable inference which may reasonably and fairly be drawn to the evidence of the prosecution. In other words, it is not whether the evidence establishes guilt beyond a reasonable doubt for us, but whether it is sufficient to form the basis for a reasonable inference of guilt beyond a reasonable doubt to be drawn by the jury when the evidence is viewed in a light most favorable to the state. *Harvey v. State*, Wyo., 596 P.2d 1386, 1387 (1979); *Grabill v. State*, Wyo., 621 P.2d 802, 803 (1980); *Harries v. State*, Wyo., 650 P.2d 273, 274 (1982); *Cutbirth v. State*, Wyo., 663 P.2d 888, 889 (1983); *Simmons v. State*, Wyo., 674 P.2d 1294, 1296 (1984).

■ In addition to the standard for review given above, appellant acknowledges in his brief that no motions for judgment of acquittal were made to the trial judge. Therefore, the issue in this case must be reviewed in the context of plain error.[3] The requirements for a finding of plain error are (1) that the record clearly shows the alleged error, (2) that the error violated a clear and unequivocal rule of law in an obvious way, and (3) that material prejudice resulted. *Browder v. State*, Wyo., 639 P.2d 889, 895 (1982); *Marshall v. State*, Wyo., 646 P.2d 795, 797 (1982).

Nonetheless, appellant's argument on appeal would have us consider evidence in

conflict with that of the prosecution, have us second guess the trial fact finder by reweighing the evidence and have us reassess the credibility of the witnesses.

Not contested are the following: During June of 1983, Curt Sundell, an undercover narcotics agent with the Evanston Police Department, made contact with appellant and arranged to buy a quarter pound of marijuana. On June 14, 1983, Sundell gave the appellant $375 as "front" or "buy" money and appellant agreed to meet with him and deliver the marijuana. However, appellant was unable to deliver the marijuana that night, and arranged to meet with Sundell on June 15, 1983, in Hamblin City Park. On June 15, 1983, appellant's wife did meet with Sundell in the Park and did indeed give the undercover agent a brown paper bag.

In defense to the foregoing, appellant asserts that he had taken the money home and discussed the situation with his wife; that they concluded Sundell might be an undercover narcotics agent; that they would just return the money; and that the paper bag contained the money but no marijuana. Appellant further asserts that if the bag ever contained marijuana, it was placed there by Sundell after he received the bag.

The trial judge, sitting as the trier of fact, heard testimony concerning the transaction from appellant, from Sundell, and from the two police officers supervising Sundell, among others, and he also received into evidence and heard a tape recording of the whole transaction, as Sundell was wearing a body mike during all of the meetings. Although the tape was somewhat indistinct and broken up by static, the trial judge stated that he listened to it several times and that it resolved any doubts he may have had. With reference to the contents of the paper bag, Sundell testified that it contained marijuana, and it

and upon conviction may be imprisoned for not more than ten (10) years, fined not more than ten thousand dollars ($10,000.00), or both."

**3.** Rule 49(b), W.R.Cr.P., provides:

"(b) *Plain error.*—Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

contained marijuana when it was delivered to the supervising officers.

Officer Priddy, one of the supervising officers, testified that he searched Sundell's car prior to the June 15 transaction and it did not contain any controlled substances—thus, Sundell did not have any marijuana to substitute for the money. He testified in part:

"Q. Specifically, I would like to call your attention to the morning of June 15, 1983. Did you have occasion on that morning to come in contact with Curt Sundell?

"A. Yes.

\*     \*     \*     \*     \*     \*

"Q. After that discussion, what, if anything, did you do in regards to Mr. Sundell?

"A. I searched his vehicle.

"Q. What did that search consist of?

"A. Under the seats, feeling under the seats, looking under the dashboard, in the glove box, trunk, back seat, just for any paraphenalia [sic] or any other possible controlled substance.

"Q. What, if anything, did that search reveal?

"A. Negative results.

"Q. Negative results?

"A. Right.

"Q. You mean you didn't find anything?

"A. Nothing."

Viewing the evidence in a light most favorable to the State, it is abundantly clear that there was sufficient evidence to support the conviction of aiding and abetting the delivery of a controlled substance, i.e., that the crime in question was committed by someone, and the person charged with aiding and abetting associated himself with and participated in the accomplishment and success of the criminal venture. *Nye & Nissen v. United States*, 336 U.S. 613, 618–619, 69 S.Ct. 766, 769–770, 93 L.Ed. 919 (1949); *Goldsmith v. Cheney*, 447 F.2d 624, 628 (10th Cir.1971); *Haight v. State*, Wyo., 654 P.2d 1232, 1238 (1982).

Although Mrs. Simmons actually accomplished the delivery of the controlled substance when she gave the bag of marijuana to Sundell, appellant participated in this by taking the money from Sundell and arranging the transaction.

In actuality, appellant's argument goes more to the credibility of the witnesses than to the sufficiency of the evidence. He would have us believe the testimony of appellant and his witnesses over that of the witnesses presented by the State. We have consistently held that the question of credibility of witnesses rests with the trier of fact, *Montez v. State*, Wyo., 527 P.2d 1330, 1332 (1974); *Janski v. State*, Wyo., 538 P.2d 271, 277 (1975), and this determination will not be disturbed on appeal. *Brown v. State*, Wyo., 581 P.2d 189, 191 (1978). There is no rule of law that we are aware of that says that a fact finder must believe or disbelieve anyone. In fact, the trier of fact is free to accept all, part or none of the evidence offered by a witness. *Hopkinson v. State*, Wyo., 632 P.2d 79, 148 (1981), *cert. denied* 455 U.S. 922, 102 S.Ct. 1280, 71 L.Ed.2d 463 (1982); *Clegg v. State*, Wyo., 655 P.2d 1240, 1242 (1982).

There was evidence to support the factual findings by the court. We need go no further. There was no error of law, let alone plain error.

Affirmed.