Melvin GOICH, Appellant (Defendant below),

v.

STATE of Wyoming, Appellee (Plaintiff below).

No. 2872.

Supreme Court of Wyoming.

May 18, 1959.

339 Pac.2d 119

W. A. Muir, Rock Springs, Lawrence A. Marty, Green River, for appellant.

Thomas O. Miller, Atty. Gen., Glenn A. Williams, Asst. Atty. Gen., Joe R. Wilmetti, County and Pros. Atty. of Sweetwater Co., Rock Springs, for appellee.

Before BLUME, C. J., and PARKER and HARNS-BERGER, JJ.

182

## OPINION.

Mr. Justice PARKER delivered the opinion of the court.

The defendant, Melvin Goich, was charged with manslaughter in that he did unlawfully and feloniously kill Jimmie Whisler, without malice or premeditation, but in the commission of an unlawful act, to wit: driving a motor vehicle while under the influence of intoxicating liquor to such an extent as to be incapable of safely operating said vehicle and driving upon the left side of the highway.[1] The matter was tried before a jury which rendered a verdict of guilty, and defendant was sentenced from 18 to 24 months in the penitentiary.

The facts out of which the prosecution arose were as follows: On the morning of May 30, 1957, at about four-thirty, the deceased in company with his father was driving a Chevrolet sedan westerly on Highway 30 about 500 yards west of Rock Springs. Mr. Telck, a member of their party, had preceded them a few min-

---

[1] The section of the statute under which this is drawn is not stated in the information, but § 9-205, W.C.S. 1945, is quoted as one of the instructions and counsel present argument on this section.

utes in another automobile. The defendant, alone in a pickup truck, going easterly from Green River to Rock Springs, turned suddenly to the left and struck the Whisler car on its left side while it was to the extreme right of the highway, causing a severe wreck in which defendant was injured and Jimmie Whisler killed.

The evidence of the State purported to show that defendant Goich had been in Green River at a bar immediately prior to his departure for Rock Springs, had drunk some beer, possibly some other intoxicating liquor, had driven on the wrong side of the road prior to the crash, and had turned abruptly, causing the accident.

Defendant specifies some sixteen different errors which can for practical purposes be classified as insufficiency of the evidence to show commission of the offense, improper instruction of the jury, and incorrect rulings on the admission of evidence.

It is uncontroverted that defendant turned sharply to his left, crossed into the wrong lane of traffic, hit deceased's car on the side, and was in violation of the traffic code at the time of the crash, but he explained his actions by saying that he was momentarily blinded by the sun. The main point of contention is as to the sobriety of defendant at the time. The court properly instructed that the phrase "under the influence of intoxicating liquor" means that a person has taken into his stomach a sufficient quantity of intoxicating liquor so as to deprive him of the normal control of his bodily or mental faculties. State v. Dobbs, 70 Wyo. 26, 244 P.2d 280, 284.

It is not necessary at this point that we analyze the evidence to ascertain whether or not it showed that de-

fendant had drunk intoxicating liquor so that he was under the influence thereof or was prior to the crash wandering in his driving as the witness Telck asserted. We turn instead to a consideration of instructions seven, eight, and nine to which defendant objected.

Instruction seven reads:

"* * * 'drivers of vehicles proceeding in opposite directions shall pass each other to the right, and upon roadways having width for not more than one line of traffic in each direction each driver shall give to the other at least one-half of the main-traveled portion of the roadway as nearly as possible.' and the violation of that statute by any person is and was declared to be a misdemeanor; and, therefore, an unlawful act."

The first part of the instruction is an exact quotation of § 60-644, W.C.S.1945, and the latter part a condensation of § 60-603, W.C.S.1945, which makes a violation of the previously quoted section a misdemeanor. Defendant insists that this instruction led the jury to believe that if defendant was at the time of the crash on the left-hand side of the highway he was guilty of an unlawful act and thereby guilty of the crime charged, regardless of whether or not he was at the time under the influence of intoxicating liquor. The State maintains that the instruction did not tell the jury "it need find no other evidence to support their verdict" and goes on to urge that instruction twenty-three admonished the jury to consider *all* of the instructions and not to single out any particular one.

Instructions eight and nine discuss the definition of *involuntary* manslaughter, particularly with reference to an unintentional killing effected in the commission of some unlawful act and say that the violation of the

statute or statutes must be accompanied by criminal carelessness or culpable neglect which was the proximate cause of the death of deceased. The defendant argues that since the words "culpable neglect" or "criminal carelessness" are not contained in the information the jury should not have been instructed on that subject and thereby led to believe that a finding of negligence would support a conviction. The State answers that the charge of manslaughter embodies the elements of culpable neglect and criminal carelessness by the provisions of the statute which were submitted in instruction four without objection.

The defendant apparently in an effort to counteract the effect of the statements in instructions seven, eight, and nine, to which he objected, sought to have the court give instruction "A" which recited an excerpt from the criminal complaint and continued:

> "Before you can convict defendant, you must be satisfied, from the evidence, beyond all reasonable doubt, that defendant, at the time and place charged, was under the influence of intoxicating liquor, as charged in the Information, and as defined by the Court. If the State has not proven, by competent evidence, the charge of intoxication, as alleged in the Information, beyond all reasonable doubt, you should return a verdict of not guilty."

Although no claim of error relates to other instructions, two of them require consideration. Instruction five recites the first portion of § 60-414, W.C.S.1945 (1957 Cum.Pocket Supp.)—commonly referred to as the drunken driving statute:

> "It is unlawful and punishable as provided in subdivision (d) of this section for any person who is under the influence of intoxicating liquor, to

a degree which renders him incapable of safely driving a motor vehicle, to drive any motor vehicle within this State."

Thus the jury was advised on that point.

At the oral argument, defendant's counsel insisted, and the State conceded, that under the information in this case in order to justify a verdict of guilty the State was obligated to prove both defendant's intoxication and his driving on the wrong side of the highway. With this we agree, and it was necessary for the court to instruct the jury accordingly. When we review the record, we find no instruction to this effect. What is more serious, instruction four, referring to the commission of an unlawful act, coupled with instruction seven, defining the duties of the drivers in passing and stating that a violation of such statute was a misdemeanor and therefore an unlawful act, certainly implies—if it does not say so in as many words—that the verdict of manslaughter was justified in this case if the jury found that defendant was guilty of either drunkenness or driving on the wrong side of the highway.

Instructions eight and nine are not objectionable on the grounds urged by defendant that they discussed criminal carelessness and culpable neglect. We think these terms which are a part of the statutory definition of manslaughter may properly be used in instructions relating to this crime even though some words of the statute have been omitted from the charge. Nevertheless, instructions eight and nine would seem to further the impression left by instruction seven that the court was discussing a sole unlawful act, i. e., improper driving rather than the two improper acts, i. e., drunken driving and driving on the wrong side of the road.

It is of course *possible* that the jury believed defendant to have been guilty of both unlawful acts although we are inclined to think that the evidence of drunkenness was quite weak. Nevertheless, under the well settled law, the jury in a criminal case must be instructed as to all of the unlawful acts which are requisite to a conviction on any charge, and the failure to so state must be assumed to have been prejudicial to a defendant who is convicted. It is stated in Annotation, 169 A.L.R. 315, that "a complete omission from the instructions of any definition or explanation of the offense charged is generally regarded as reversible error, even where the question has not been properly presented or preserved at the trial." At 23 C.J.S. Criminal Law beginning at § 1193, it is said, "Proper instructions as to the nature and elements of the offense charged must be given"; and the text goes on with an elaboration at § 1194, which we discussed in State v. Woodward, 69 Wyo. 262, 240 P.2d 1157, 1164, there indicating that it was generally proper and sufficient to give the definition in the language of the statute. Where the information alludes to two different statutes, violation of both being essential to the conviction, we think the mere recitation of the statutory definition of each could scarcely fail to leave the jury in a state of confusion. People v. MacPherson, 323 Mich. 438, 35 N.W.2d 376, 382, states: "it is the duty of the trial court in a criminal case to indicate to the jury with reasonable certainty the offense with which the defendant is charged."

In State v. Wilson, 76 Wyo. 297, 301 P.2d 1056, we repeated the axiom that in all criminal prosecutions the defendant has a right to be informed of the accusation against him, applying it to the manslaughter statute in Wyoming where death occurs from an automobile accident. We held there that a defendant in

such a case was entitled to a bill of particulars indicating the type of act out of which it was claimed that the death occurred. As a corollary to this view it is the right of the jury to know the illegal act upon which the crime is based.

From what we have said, the verdict in the case cannot stand. The conviction must be reversed and the case remanded for a new trial.

Reversed and remanded.