**STATE of Indiana,
Defendant–Appellant,**

v.

**Kimberly K. KROHN,
Plaintiff–Appellee.**

**No. 82A01–8709–CR–218.**

Court of Appeals of Indiana,
First District.

April 12, 1988.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for defendant-appellant.

Dennis Brinkmeyer, Evansville, for plaintiff-appellee.

RATLIFF, Chief Judge.

### STATEMENT OF THE CASE

The State of Indiana appeals from the Vanderburgh Circuit Court's acquittal of Kimberly Krohn on a charge of operating a vehicle while intoxicated under Indiana Code section 9–11–2–2. We find the trial

court's determination that the State failed to prove an element of the offense to be in error.

## FACTS

On December 12, 1986, Michael Koch, an Evansville police officer, was driving an unmarked detective vehicle when he observed through his rear view mirror a vehicle operated by Kimberly Krohn. Officer Koch's vehicle and Krohn's vehicle were both headed west on Delaware Street in Evansville, Indiana. Delaware Street is a four lane undivided east-west street. Officer Koch saw Krohn's vehicle cross the center line into the eastbound lanes of Delaware Street. Krohn's vehicle then swerved back across the center line into the westbound lanes and proceeded all the way across into the westbound lane closest to the curb. Officer Koch further observed that Krohn's vehicle swerved back into the center west bound lane and avoided striking a vehicle that was parked next to the curb on the westbound side of Delaware Street. Thereafter, Officer Koch pulled off the road into a parking lot at the intersection of St. Joe Avenue and Delaware Street. Krohn's vehicle stopped at the intersection and then turned left and proceeded south on St. Joe Avenue. After the Krohn vehicle turned, Officer Koch pulled out of the parking lot and followed Krohn. Officer Koch estimated that Krohn's vehicle was travelling approximately forty (40) miles per hour and testified that as Krohn's vehicle approached the intersection of Pennsylvania Street and St. Joe Avenue it appeared that Krohn would run a traffic light that was red. Krohn did not run the red light, but due to the speed of Krohn's car she stopped one or two car lengths into the intersection. As Officer Koch approached the intersection and Krohn's vehicle he called for assistance and began to stop for the light. As Officer Koch was stopping, Krohn backed up and collided with Officer Koch's vehicle.

After the collision, Officer Koch called for assistance, got out of his car, told Krohn that he was an Evansville police officer, and told Krohn to sit in the back seat of his car. Officer Koch noticed that Krohn slurred her speech a little, had an odor of alcohol, had glassy eyes, and was unsteady on her feet. Thereafter, another police officer arrived and waited with Officer Koch until an accident car arrived. While waiting, Krohn got out of Officer Koch's car, but returned when Officer Koch told her to get back in the car. Thereafter, Officer James Magary arrived at the accident scene and obtained Krohn's drivers license and ran a check on her license. Officer Magary observed Krohn's slurred speech and mannerisms and determined that she was intoxicated. Based on this probable cause Officer Magary informed Krohn of the implied consent law and offered a chemical test for intoxication. Officer Magary read Krohn the implied consent advisements twice before Krohn reacted, and agreed to a test. Thereafter, Krohn was transported to the police station. Once at the station, however, Krohn changed her mind and refused to submit to an intoxication test unless the arresting officer also took the test. The officer refused and Krohn never submitted to a breathalyzer test.

On November 16, 1986, Krohn was charged by information under Ind. Code § 9–11–2–2, with operating a vehicle while intoxicated. On April 13, 1987, the Vanderburg Circuit Court held a bench trial on the charge. The master commissioner who heard the case entered a finding of not guilty on the charged offense, but found Krohn in direct contempt of court. The trial court stated Krohn was not guilty because "the State failed to prove the element of danger to another person." Record at 12. Pursuant to Indiana Code section 35–38–4–2(4) the State of Indiana appeals a reserved question challenging the trial court's basis for acquittal.

## ISSUE

The State presents the following reserved question on appeal:

Whether Ind.Code § 9–11–2–2 requires the State to prove that a person was in the area and actually was endangered by the

defendant's driving to obtain a conviction for driving while intoxicated?

## DISCUSSION AND DECISION

The State argues the trial court erred by finding that the evidence failed to establish that Krohn was intoxicated. The trial court made the following statement in reaching this decision:

"Intoxication has been defined in this area by our State Legislature as establishing the abused substance, and in this case, I think it was clearly established as alcohol, which was the element involved. Then there are two conditions thereafter —the first condition is that the intoxicated means under the influence of, one: alcohol; two: such that there is an impaired condition of thought or action. I don't think there is any question about there being an impaired thought or action. The third requirement is, and it is a conjunctive 'and' the loss or normal control of a person's faculties to such an extent as to endanger any person. Now, in that particular area, the evidence was that where she was coming over the overpass in the eastbound lane, although it clearly indicates impaired condition of thought and action, the inference was that there was no eastbound car; therefore, we cannot look to that particular episode as the element of endangering ... to endanger any person. The next incident where she almost hit a parked car on Delaware, again, further evidence of an impaired condition of thought and action, but again, there is no evidence that there was anyone close by. The next incident was when she went into the intersection and backed up and the evidence was here and undisputed, five car lengths. Officer Koch's testimony was that he was parked three car lengths back from the intersection. At least that is the way I recorded it and that she was at least a car length into the intersection, even if you take the defendant's statement, only being three feet, you are still talking about three full car lengths, but when he was further examined as to whether or not the impact and other witnesses, was great enough to endanger anybody, the answer was 'no, it was not.' I think the State has failed on that one element only, and that is to endanger any person, so as to the Count, I am going to find the defendant not guilty."

Record at 99–100. The State argues the trial court's interpretation of the offense of driving while intoxicated was mistaken. The State argues that the offense of Operating a Vehicle While Intoxicated does not require proof of endangerment, and cites to *Smith v. State* (1986), Ind.App., 496 N.E.2d 778; *Smith v. State* (1984), Ind.App., 462 N.E.2d 1333; and *Garland v. State* (1983), Ind.App., 452 N.E.2d 1021. This court agrees the trial court misinterpreted the statutes, but disagrees with the State's argument that endangerment is not an element of the offense. Although the cases the State cites do not make specific reference to endangerment, they do not stand for the proposition that proof of endangerment is not required to obtain a conviction.

The offense of Operating a Vehicle While Intoxicated is provided for in Indiana Code section 9–11–2–2 as follows: "Operation of vehicle while intoxicated.—A person who operates a vehicle while intoxicated commits a class A misdemeanor." The definition of the term "intoxicated" is provided for in Indiana Code section 9–11–1–7, as follows:

"Intoxicated.—'Intoxicated' means under the influence of:

(1) Alcohol;

(2) A controlled substance;

(3) Any drug other than alcohol or a controlled substance; or

(4) Any combination of alcohol, controlled substances, or drugs;

such that there is an impaired condition of thought and action and the loss of normal control of a person's faculties to such an extent as to endanger any person."

The trial court interpreted these statutes to require proof that a person was in the defendant's path or area of driving to establish endangerment. The trial court's interpretation was mistaken.

The endangerment portion of the definition of "intoxicated" does form an element of the offense and indicates the level of impairment and extent of lost faculties that must be shown to establish intoxication, and to obtain a conviction. However, the endangerment clause does not require that the State prove a person other than the defendant was actually in the path of the defendant's vehicle or in the same area to obtain a conviction. The trial court's interpretation of the statutes and the elements of the offense would require that the police and the State wait until the defendant comes within close proximity of a person before a conviction for operating a vehicle while intoxicated could be obtained. Such an interpretation of the elements, and of the offense of Operating a Vehicle While Intoxicated is contrary to the policies and purposes of Indiana's drunk driving laws. *Boyd v. State* (1988), Ind.App., 519 N.E.2d 182. In *Boyd,* this court found that the fact that Boyd was driving 54 miles per hour, at night, in a 30 mile per hour zone demonstrated impaired judgment and ability of such a nature as to endanger others. *Boyd,* at 184. This court opined further that an officer does not have to wait until the defendant crosses the centerline and adds another victim to the statistics of those who have died in drunk driving accidents. *Id.* Similarly, the State need not wait until the defendant's path takes the vehicle within close proximity of an innocent bystander to establish endangerment. The statute does not limit endangerment as the trial court determined in the present case. Rather, endangerment can be established by showing evidence that defendant's condition or driving manner could have endangered any person. Thus, proof that the operator's condition renders driving unsafe is sufficient to establish endangerment. Furthermore, endangerment applies to *any* person including the public, the police, and the driver, regardless of proximity. Therefore, this court holds that the State does not have to prove that a person other than the driver was actually in the area to show endangerment, and the trial court erred in so finding. Although the trial court erred the acquittal stands.

MILLER, P.J., and ROBERTSON, J., concur.