**STATE of Indiana, Appellant–Plaintiff,**

v.

**Loren AKINS, Appellee–Defendant.**

No. 79A05–0210–CR–520.

Court of Appeals of Indiana.

Sept. 17, 2003.

Steve Carter, Attorney General of Indiana, Andrew A. Kobe, Deputy Attorney General, Indianapolis, IN, Attorney for Appellant.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Plaintiff, State of Indiana (State), appeals the trial court's grant of Appellee–Defendant Loren Akins' (Akins), Motion to Dismiss Count II, operating a vehicle while intoxicated while having a prior conviction, a Class D felony, Ind. Code § 9–30–5–3.

We affirm.

### ISSUES

The State raises one issue, which we restate as follows: Whether the Michigan statute 257.625(1)(a), is substantially similar to Ind.Code § 9–30–5–1(b), so that Akins' Michigan conviction may constitute a "previous conviction of operating while

intoxicated" under I.C. § 9–13–2–130 and I.C. § 9–30–5–3.

## FACTS AND PROCEDURAL HISTORY

On December 9, 2001, Akins drove his car while intoxicated. After hitting a curb, Akins swerved into the other lane where the car came to rest. Akins exited his vehicle, removed the license plate, and fled on foot. There were two witnesses at the scene of the accident who gave Lafayette Department Police Officers a description of the suspect.

Eventually, Lafayette Police Officer Robbins (Officer Robbins) saw a suspect, Akins, matching the description given by the two witnesses. Thus, Officer Robbins stopped Akins and asked him some questions. Officer Robbins smelled the strong odor of an alcoholic beverage coming from Akins breath. As a result, Officer Robbins asked Akins how much he had to drink. Akins responded that he "had had a few." (Appellant's App. p. 19). Officer Robbins then informed Akins that he believed he was intoxicated and asked him to participate in some field sobriety tests in order to check the level of his intoxication. However, Akins refused to participate in the field sobriety tests. Akins also refused to give a breath sample.

On December 10, 2001, the State filed an information against Akins, charging him with Count I, operating a vehicle while intoxicated, a Class A misdemeanor, I.C. § 9–30–5–2; Count II, operating a vehicle while intoxicated while having a prior conviction for operating a vehicle while intoxicated, a Class D felony, I.C. § 9–30–5–3 [1]; Count III, leaving the scene of an accident causing damage to real or personal property (other than a vehicle) of another person, a Class B misdemeanor, I.C. § 9–26–1–4;

Count IV, operating a vehicle without proof of financial responsibility, a Class C misdemeanor, I.C. § 9–25–8–2; Count V, failure to register vehicle, I.C. § 9–18–2–29; and Count VI, making an unsafe turn, I.C. § 9–21–8–24.

On February 19, 2002, Akins filed his Motion to Dismiss Count II, operating a vehicle while intoxicated while having a prior conviction, a Class D felony. In his Motion to Dismiss Count II, Akins argued that he did not have a qualifying conviction under Indiana law based on the allegations of Count II, operating a vehicle while intoxicated while having a prior conviction. On May 15, 2002, the trial court granted Akins' motion. On May 20, 2002, the State filed a Motion to Correct Error. On August 23, 2002, the trial court denied the State's motion. On September 23, 2002, the State filed its Motion Requesting Certification of an Interlocutory Order. On September 27, 2002, the trial court granted the State's motion to certify its August 23, 2002, order for interlocutory appeal. On December 27, 2002, this court granted jurisdiction of the interlocutory appeal.

State now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. Standard of Review

■ At the outset, we note that Akins did not file an Appellee's Brief. When an Appellee does not submit a brief, an appellant may prevail by making a prima facie case of error. *Village of College Corner v. Town of West College Corner*, 766 N.E.2d 742, 745 (Ind.Ct.App.2002). In this context, "prima facie" is defined as "at first sight, on first appearance, or on the face of

---

1. On October 14, 1999, Akins pled guilty in Berrien County, Michigan of driving under    the influence of intoxicating liquor.

it." *Id.* By using this prima facie error standard, this court is relieved of the burden of developing arguments for the Appellee, a duty that properly remains with the Appellee. *Id.*

■■■ This case involves a question of statutory interpretation. The interpretation of a statute is a question of law reserved for the courts. *State v. Rans,* 739 N.E.2d 164, 166 (Ind.Ct.App.2000). Appellate courts review questions of law under a de novo standard and owe no deference to a trial court's legal conclusions. *Id.* If the language of a statute is clear and unambiguous, it is not subject to judicial interpretation. *Montgomery v. Estate of Montgomery,* 677 N.E.2d 571, 574 (Ind.Ct.App. 1997). However, when the language is susceptible to more than one construction, we must construe the statute to determine the apparent legislative intent. *Id.* The task of appellate courts with respect to statutory interpretation has been summarized as follows:

> We ascertain and implement legislative intent by "giving effect to the ordinary and plain meaning of the language used in the statute." The statute is examined and interpreted as a whole and the language itself is scrutinized, including the grammatical structure of the clause or sentence at issue. Within this analysis, we give words their common and ordinary meaning, without "overemphasizing a strict literal or selective reading of individual words."

*Clifft v. Indiana Dep't of State Revenue,* 660 N.E.2d 310, 316 (Ind.1995) (citations omitted). Finally, penal statutes are to be strictly construed against the State to avoid enlarging them by intendment or implication beyond the fair meaning of the language used. *Rans,* 739 N.E.2d at 166.

## II. *Previous Conviction of Operating a Vehicle While Intoxicated*

The State argues that the trial court erred when it granted Akins' Motion to Dismiss Count II, operating a vehicle while intoxicated while having a prior conviction, a Class D felony, under I.C. § 9–30–5–3.

Indiana Code Section 9–30–5–3 reads:

> A person who violates section 1 or 2 of this chapter commits a Class D felony if:

> the person has a previous conviction of operating while intoxicated; and the previous conviction of operating while intoxicated occurred within the five (5) years immediately preceding the occurrence of the violation of section 1 or 2 of this chapter.

A "previous conviction of operating while intoxicated" includes a previous conviction "in any other jurisdiction in which the elements of the crime for which the conviction was entered are *substantially similar* to the elements of a crime described in I.C. § 9–30–5–1 through I.C. § 9–30–5–9." I.C. 9–13–2–130(2) (emphasis added).

■■ Here, Akins was charged with Count I, operating while intoxicated, a Class A misdemeanor under I.C. § 9–30–5–2. It is undisputed that Akins was previously convicted of operating while visibly impaired (DWVI) under Michigan Compiled Laws Section 257.625(3).[2] The dispositive issue, therefore, is whether Michigan Compiled Laws Section 257.625(3) is "substantially similar" to I.C. § 9–30–5–2. We conclude that the two statutes are not substantially similar and, as a result, Akins' Michigan DWVI conviction did not constitute a "previous conviction of operat-

---

**2.** The pertinent judgment indicates that the date of Akins' Michigan offense was November 8, 1999.

ing while intoxicated" as required under I.C. § 9–30–5–3.[3]

The Michigan legislature has established essentially three basic alcohol-related driving offenses: operating a vehicle with an alcohol content of 0.10 grams or more per 100 milliliters of blood, operating a vehicle while under the influence of intoxicating liquor ("OUIL"), and DWVI. *See* Mich. Comp. Laws § 257.625(1)(a), (1)(b), and (3); *Rans,* 739 N.E.2d at 167. Michigan's DWVI statute provides:

> A person, whether licensed or not, shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state when, due to the consumption of an intoxicating liquor, the person's ability to operate the vehicle is visibly impaired.

Mich. Comp. Laws § 257.625(3). According to the Michigan Supreme Court, visible impairment is demonstrated when:

> the defendant's ability to drive was so weakened or reduced by consumption of intoxicating liquor that defendant drove with less ability than would an ordinary, careful and prudent driver. Such weakening or reduction of ability to drive must be visible to an ordinary, observant person.

*People v. Lambert,* 395 Mich. 296, 235 N.W.2d 338, 342 (1975).

■ The DWVI statute addresses the problem of the driver whose ability has been impaired or reduced, but not eliminated. *Rans,* 739 N.E.2d at 167. "[T]he use of the word 'impaired,' rather than the use of a word such as 'eliminated,' sug-gests that some ability to drive in a normal manner will remain." *Id.* The offense of DWVI is thus a lesser included offense of OUIL, because "the degree of intoxication which the people must prove" is lower. *Id; Oxendine v. Secretary of State,* 237 Mich.App. 346, 602 N.W.2d 847, 851 (1999) (observing that test for OUIL is whether "the person is substantially deprived of [his/her] normal control or clarity of mind at the time [he/she] is operating the motor vehicle.").

■ Alternatively, the Indiana legislature has defined only two basic alcohol-related driving offenses: operating a vehicle with an alcohol content in excess of 0.08 grams per 100 milliliters of blood, and OWI. *See* I.C. §§ 9–30–5–1, 9–30–5–2. A person is intoxicated for purposes of the Indiana OWI statute if he or she is "under the influence of ... alcohol ... so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." *See* I.C. 9–13–2–86. The current definition of "intoxicated" is a result of an amendment made effective July 1, 2001. At that time, "to an extent that endangers a person" was deleted from the end of the definition. P.L. 175–2001, § 1. The endangerment element was then added to the operating while intoxicated section to elevate the class C misdemeanor to a class A misdemeanor. I.C. § 9–30–5–2(b). However, as stated above in footnote 2, we must compare Michigan's drunk-driving statutes to Indiana's drunk driving statutes as they existed at the time of Akins' Michigan conviction in November of 1999.

---

**3.** We note that on July 1, 2001, our state legislature amended I.C. § 9–30–5–2. The rule added the element of endangerment to enhance the Class C misdemeanor to a Class A misdemeanor. However, Akins' was charged with DWVI under Michigan Com-piled Laws Section 257.625(3), prior to July 1, 2001. Accordingly, our review utilizes the language and elements of I.C. § 9–30–5–2 as they existed at the time of Akins' Michigan offense in November of 1999.

Therefore, the endangerment element of OWI indicates the level of impairment and extent of lost faculties that must be shown to establish intoxication and obtain a conviction. *State v. Krohn*, 521 N.E.2d 374, 377 (Ind.Ct.App.1988). Endangerment is proved by evidence showing that the defendant's condition or operating manner could have endangered any person, including the public, the police, or the defendant himself. *Blinn v. State*, 677 N.E.2d 51, 54 (Ind.Ct.App.1997). Thus, proof that the defendant's condition rendered operation of the vehicle unsafe is sufficient to establish the endangerment element of the offense. *Id.*

In maintaining the foregoing principles, we cannot say that Michigan's DWVI statute is substantially similar to Indiana's OWI as a class A misdemeanor statute. Our statutory scheme for alcohol-related driving offenses does not encompass the "more broadly defined crime of [DWVI]." *Rans*, 739 N.E.2d at 168; *See also Oxendine v. State*, 237 Mich.App. 346, 602 N.W.2d 847, 852 (1999) (concluding that DWVI is a more broadly defined crime than OUIL). Michigan Compiled Laws Section 257.625(3) requires proof that the defendant merely operated a vehicle "with less ability than would an ordinary, careful and prudent driver," i.e., that there was simply a reduction in the ability to drive normally due to the driver's intoxication. *See id.* Contrary to this lower threshold of intoxication, I.C. § 9–30–5–2 requires evidence that the defendant lost the ability to drive normally to such an extent that it was unsafe or endangered any person. *See Blinn*, 677 N.E.2d at 54. Therefore, the definition of OWI under I.C. § 9–30–5–2 cannot reasonably be interpreted to include any visible alcohol-related impairment without regard to whether that impairment exposes others to harm or danger. *Id.*

Accordingly, we conclude that Michigan Compiled Laws Section 257.625(3) is not substantially similar to Indiana Code Section 9–30–5–2, as it existed in November of 1999. Thus, it follows that Akins' conviction for DWVI under Michigan Compiled Laws Section 257.625(3) does not constitute a "prior conviction of operating while intoxicated" under I.C. § 9–30–5–3. To hold otherwise would extend the application of I.C. § 9–30–5–3 to encompass convictions for conduct requiring a lower degree of intoxication than do our [prior] alcohol-related driving statutes and would be contrary to the well-settled precept that penal statutes be strictly construed against the State to avoid enlarging them beyond the fair meaning of their language. *Rans*, 739 N.E.2d at 169. Absent a previous conviction of OWI within the last five years, Akins cannot be convicted of OWI as a Class D felony. *See* I.C. § 9–30–5–3. Therefore, we find that the trial court did not err when it granted Akins' Motion to Dismiss Count II.

## CONCLUSION

Based on the foregoing, we conclude that the trial properly granted Akins' Motion to Dismiss Count II, operating a vehicle while intoxicated, a Class D felony, I.C. § 9–30–5–3.

Affirmed.

BARNES, J., concurs.

SHARPNACK, J., dissents with opinion.

SHARPNACK, Judge, dissenting.

I respectfully dissent because I disagree with the majority's holding that Akins's prior conviction under Mich. Comp. Laws § 257.625 did not constitute a "previous conviction of operating while intoxicated" for purposes of Ind.Code § 9–30–5–3. Consequently, I would reverse the trial court's dismissal of the charge of operating

a vehicle while intoxicated as a class D felony and remand for further proceedings.

As an initial matter, I must disagree with the majority's statement that Akins was previously convicted of operating while visibly impaired ("DWVI") under Mich. Comp. Law § 257.625(3). Majority Opinion at 6. On October 14, 1999, the State of Michigan charged Akins with operating a vehicle "while being under the influence of intoxicating liquor, or having an alcohol content of 0.10 grams or more per 100 milliliters of blood; contrary to [Mich. Comp. Law § ] 257.625(1)." Appellant's Appendix at 68. Akins pleaded guilty to operating a vehicle under the influence of an intoxicating liquor and was sentenced on December 6, 1999. Appellant's Appendix at 70–73. Thus, Akins's previous conviction was under Mich. Comp. Law § 257.625(1) for operating a vehicle while under the influence of intoxicating liquor ("OUIL"), not under Mich. Comp. Law § 257.625(3).

The State charged Akins under Ind. Code § 9–30–5–3, which provides that:

A person who violates section 1 or 2 of this chapter commits a Class D felony if:

(1) the person has a previous conviction of operating while intoxicated; and

(1) the previous conviction of operating while intoxicated occurred within the five (5) years immediately preceding the occurrence of the violation of section 1 or 2 of this chapter.

Further, Ind.Code § 9–13–2–130 defines "previous conviction of operating while intoxicated" as a previous conviction:

(1) in Indiana of:

(A) an alcohol related or drug related crime under Acts 1939, c. 48, s.52, as amended, IC 9–4–1–54 (repealed September 1, 1983), or IC 9–11–2 (repealed July 1, 1991); or

(B) a crime under IC 9–30–5–1 through IC 9–30–5–9; or

(2) in any other jurisdiction in which the elements of the crime for which the conviction was entered are substantially similar to the elements of a crime described in IC 9–30–5–1 through IC 9–30–5–9.

The majority addresses the issue as whether the elements of Akins's previous Michigan conviction are substantially similar to Ind.Code § 9–30–5–2 (with which Akins is currently charged) as it existed at the time of Akins's previous Michigan conviction.[4] I believe that the language of the statute requires that we analyze whether the elements of Akins's previous Michigan conviction are substantially similar to the elements of a crime described in Ind.Code §§ 9–30–5–1 through –9 as these statutes existed at the time of Akins's current offense.

When reviewing a statute, we must give effect and meaning to every word. *Allied-Signal, Inc. v. Ott,* 785 N.E.2d 1068, 1071 (Ind.2003), *reh'g denied.* Our primary goal when construing the meaning of a statute is to determine the legislature's intent. *Id.* at 1071–1072. Given such deference to legislative intentions, we interpret an unambiguous statute to mean what it plainly states, and its plain and obvious meaning may not be enlarged or restricted. *Id.* at 1072.

---

4. The State initially phrases the issue as whether the elements of Akins's previous Michigan conviction are substantially similar to Ind.Code § 9–30–5–1. However, as discussed later in this dissent, Ind.Code § 9–30–5–1 is not relevant to this analysis. Further, the State later abandons its reliance upon Ind.Code § 9–30–5–1 and compares Ind.Code § 9–30–5–2 with the Michigan statutes.

As noted above, Ind.Code § 9–13–2–130 defines a previous conviction, in part, as a previous Indiana conviction of "a crime under IC 9–30–5–1 through IC 9–30–5–9" or a previous conviction "in any other jurisdiction in which the elements of the crime for which the conviction was entered are substantially similar to the elements of a crime described in IC 9–30–5–1 through IC 9–30–5–9." If the previous conviction occurred in Indiana, under the plain language of the statute, we must determine if the previous conviction was "a crime under IC 9–30–5–1 through IC 9–30–5–9." I find nothing in the statutory language that limits the phrase, "a crime under IC 9–30–5–1 through IC 9–30–5–9," to a crime that is the same as the currently charged offense. If it were the legislature's intent to so limit what would qualify as a previous conviction, we would see language that expressly identified the previous conviction as a conviction for the same offense as currently charged. Even if the defendant is currently charged under Ind.Code § 9–30–5–2, any previous Indiana conviction under Ind.Code §§ 9–30–5–1 through –9 will meet the definition of a previous conviction. We need not limit the previous conviction to the currently charged offense.

Similarly, if the previous conviction occurred in a different jurisdiction, under the plain language of the statute, we must determine whether the elements of the crime for the previous conviction "are substantially similar to the elements of a crime described in IC 9–30–5–1 through IC 9–30–5–9." As above, nothing in this statutory language limits the phrase, "a crime described in IC 9–30–5–1 through IC 9–30–5–9," to a crime that is the same as the currently charged offense. Even if the defendant is currently charged under Ind.Code § 9–30–5–2, a previous conviction where the elements are substantially similar to the elements of any crime under Ind.Code §§ 9–30–5–1 through –9 will meet the definition of a previous conviction. Consequently, I believe that we should determine whether the elements of Akins's previous conviction are substantially similar to the elements of any crime under Ind.Code §§ 9–30–5–1 through –9.

Additionally, the majority compares Akins's previous conviction with Ind.Code § 9–30–5–2 as it existed at the time of Akins's previous conviction rather than as it currently exists.[5] This issue also turns on the interpretation of the phrases "a crime under IC 9–30–5–1 through IC 9–30–5–9" and "a crime described in IC 9–30–5–1 through IC 9–30–5–9." I find nothing in the statutory language that refers to versions of the statutes other than the current versions. If the legislature had intended a comparison of the previous conviction with prior versions of Ind.Code §§ 9–30–5–1 through –9, the legislature could have provided, for example, that a previous conviction is a previous conviction "in any other jurisdiction in which the elements of the crime for which the convic-

---

5. In 1999, Ind.Code § 9–30–5–2 provided that: "A person who operates a vehicle while intoxicated commits a Class A misdemeanor." Ind.Code § 9–13–2–86 provided that "intoxicated" was "under the influence of ... alcohol ... so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties to an extent that endangers a person." Effective July 1, 2001, Ind.Code § 9–30–5–2 was amended by Pub.L. No. 175–2001, § 6. The statute now provides that:

(a) Except as provided in subsection (b), a person who operates a vehicle while intoxicated commits a Class C misdemeanor.
(b) An offense described in subsection (a) is a Class A misdemeanor if the person operates a vehicle in a manner that endangers a person.

Further, Ind.Code § 9–13–2–86 redefined "intoxicated" to mean "under the influence of ... alcohol ... so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties."

tion was entered are substantially similar to the elements of a crime described in *versions of* IC 9–30–5–1 through IC 9–30–5–9 *in effect at the time of the previous conviction.*" (phrases in italics added). Even though the offenses described in Ind. Code §§ 9–30–5–1 through –9 may change over time through amendments, the language of Ind.Code § 9–13–2–130 requires that we determine whether the previous conviction would be a crime under the current versions of Ind.Code §§ 9–30–5–1 through –9. *See generally State v. Geise*, 596 N.E.2d 244, 245–246 (Ind.Ct.App.1992) (holding that "[b]y a literal reading of the statutes," the defendant did not have a "previous conviction" because the definition of "previous conviction" included only the recodified version of the statute, not the previous codification).

Turning now to the facts of this case and the application of this statutory interpretation, the issue is whether the elements of Akins's previous conviction under Mich. Comp. Law § 257.625(1) are substantially similar to the elements of a crime described in Ind.Code §§ 9–30–5–1 through – 9. Mich. Comp. Law § 257.625, effective October 1, 1999, provided, in part, that:

(1) A person, whether licensed or not, shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state if either of the following applies:

(a) The person is under the influence of intoxicating liquor, a controlled substance, or a combination of in-

toxicating liquor and a controlled substance.

(b) The person has an alcohol content of 0.10 grams or more per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine.

\*     \*     \*     \*     \*     \*

(3) A person, whether licensed or not, shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state when, due to the consumption of intoxicating liquor, a controlled substance, or a combination of intoxicating liquor and a controlled substance, the person's ability to operate the vehicle is visibly impaired. If a person is charged with violating subsection (1), a finding of guilty under this subsection may be rendered.

The offense of DWVI under Mich. Comp. Law § 257.625(3) is a lesser included offense of OUIL under Mich. Comp. Law § 257.625(1). *See State v. Rans*, 739 N.E.2d 164 (Ind.Ct.App.2000), *trans. denied.*[6] Michigan courts have indicated that the offense of OUIL "would be committed if a defendant drove when the 'defendant's ability to drive was *substantially and materially affected* by consumption of intoxicating liquor'" or if "the person is substantially deprived of [his/her] normal control or clarity of mind at the time [he/she] is operating the motor vehicle." *Oxendine v. Sec'y of State*, 237 Mich.App.

---

**6.** In *State v. Rans*, this court held that the elements of a Michigan conviction for DWVI under Mich. Comp. Law § 257.625(3) was not substantially similar to the elements of the prior version of Ind.Code § 9–30–5–2 because the Michigan statute required proof that the

defendant merely operated a vehicle "with less ability than would an ordinary, careful and prudent driver" while the Indiana statute required a showing of endangerment. 739 N.E.2d at 168–169.

346, 602 N.W.2d 847, 851 (1999) (emphasis in original), *appeal denied.*

On the other hand, Ind.Code §§ 9–30–5–1 through –9 govern the operation of a vehicle with an alcohol concentration greater than 0.08 gram of alcohol per one hundred (100) milliliters of the person's blood or per two hundred ten (210) liters of the person's breath, operating a vehicle while intoxicated, operating a vehicle while intoxicated with a previous conviction, operating while intoxicated causing serious bodily injury or death, operating in violation of a probationary license, ignition interlock device offenses, persons under the age of twenty-one operating while under the influence of alcohol, and operating a vehicle in a place other than on a highway. Only Ind.Code § 9–30–5–2, which governs operating a vehicle while intoxicated, is applicable here. As of July 1, 2001, the statute provides that:

    (a) Except as provided in subsection (b), a person who operates a vehicle while intoxicated commits a Class C misdemeanor.

    (b) An offense described in subsection (a) is a Class A misdemeanor if the person operates a vehicle in a manner that endangers a person.

I.C. § 9–30–5–2. Further, the term "intoxicated" means under the influence of:

    (1) alcohol;

    (2) a controlled substance (as defined in IC 35–48–1);

    (3) a drug other than alcohol or a controlled substance; or

    (4) a combination of alcohol, controlled substances, or drugs;

so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties.

Ind.Code § 9–13–2–86.

We begin by comparing the elements of Akins's Michigan conviction with the elements of Ind.Code § 9–30–5–2(a). It is evident that the elements of the Michigan offense of OUIL are not substantially similar to the elements of Ind.Code § 9–30–5–2(a). The Indiana statute requires only that the driver have "an impaired condition of thought and action and the loss of normal control of a person's faculties" while the Michigan statute requires that the driver's ability be "substantially and materially affected" or the driver be "substantially deprived of [his/her] normal control or clarity of mind at the time [he/she] is operating the motor vehicle." Thus, a conviction under Mich. Comp. Law § 257.625(1) requires a greater showing of impairment than required under Ind.Code § 9–30–5–2(a). Consequently, the elements of the two statutes are not substantially similar.

However, a comparison of Mich. Comp. Law § 257.625(1) and Ind.Code § 9–30–5–2(b) reveals that the elements of those statutes are substantially similar. In addition to a showing that the driver had "an impaired condition of thought and action and the loss of normal control of a person's faculties," Ind.Code § 9–30–5–2(b) includes the additional requirement of operating the vehicle in a manner that endangers a person. "The element of endangerment is proved by evidence that the defendant's condition or manner of operating the vehicle could have endangered any person, including the public, the police, or the defendant." *Weaver v. State,* 702 N.E.2d 750, 753 (Ind.Ct.App.1998). Thus, "proof that the defendant's condition rendered operation of the vehicle unsafe is sufficient to establish endangerment." *Id.*

The State argues that "a person whose ability to drive is substantially and materially affected by consumption of alcohol is by definition a danger to himself and to others." Appellant's Brief at 7. I agree and conclude that the additional require-

ment of endangerment renders Ind.Code § 9–30–5–2(b) substantially similar to the Michigan statute. As previously noted, Mich. Comp. Law § 257.625(1) requires a showing that the driver's ability be "substantially and materially affected" or the driver be "substantially deprived of [his/her] normal control or clarity of mind at the time [he/she] is operating the motor vehicle." The requirement of Ind.Code § 9–30–5–2(b) that the driver not only be "impaired" but also impaired to the point that his or her operation of the vehicle is rendered unsafe is similar to Michigan's requirement that the driver be "substantially" affected. As a result, the elements of Akins's previous conviction under Mich. Comp. Law § 257.625(1) are substantially similar to the elements of Ind.Code § 9–30–5–2(b). Consequently, I conclude that Akins had a "previous conviction of operating while intoxicated" as defined by Ind. Code § 9–13–2–130.

I would reverse the trial court's dismissal of Akins's motion to dismiss the charge of operating a vehicle while intoxicated as a class D felony.