2012 WY 88

**Kristen N. SPREEMAN, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–11–0237.**

Supreme Court of Wyoming.

June 20, 2012.

Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Olson, Appellate Counsel. Argument by Ms. Olson.

Representing Appellee: Gregory A. Phillips, Attorney General; David L. Delicath, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Jackson M. Engels, Assistant Attorney General. Argument by Mr. Engels.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Appellant, Kristen N. Spreeman, challenges her conviction of felony driving while under the influence (DWUI) in violation of Wyo. Stat. Ann. §§ 31–5–233(b)(iii)(A) and (e). She claims that she did not have three prior qualifying convictions, as required by Wyo. Stat. Ann. § 31–5–233(e), to enhance her DWUI conviction to a felony. We affirm.

### ISSUE

[¶ 2] Appellant presents the following issue:

Did the trial court err in denying Appellant's motion to dismiss the felony "DUI" charge against her, since she did not have three prior qualifying convictions?

The State phrases the issue as follows:

Under Wyo. Stat. Ann. § 31–5–233(e), driving while under the influence becomes a felony if a defendant has three prior convictions in this or any other state under a law prohibiting "driving while under the influence." One of Spreeman's three previous Michigan convictions is for driving while "visibly impaired." Is Michigan's prohibition against driving while "visibly impaired" a law that prohibits driving "while under the influence," for purposes of sentencing enhancement under Wyo. Stat. Ann. § 31–5–233(e)?

### FACTS

[¶ 3] The facts in this matter are undisputed. On December 19, 2010, an officer of the Gillette Police Department stopped Appellant for a traffic violation. An assisting officer smelled a strong odor of alcohol coming from Appellant and noticed that she was slurring her words and that her face was extremely flushed. After performing field sobriety tests, Appellant was arrested for driving while under the influence. Appellant was transported to the Campbell County Detention Center, where she agreed to provide a breath sample. The breath test revealed a blood-alcohol content of .21%, over two-and-a-half times the legal limit.

[¶ 4] Appellant was charged by felony information with felony driving while under the influence in violation of Wyo. Stat. Ann. §§ 31–5–233(b)(iii)(A) and (e) (LexisNexis Supp. 2010). The information alleged that Appellant had been convicted of three prior

drinking and driving offenses within the last ten years, all of which had occurred in Michigan. Two of the prior offenses were for driving while intoxicated in violation of Mich. Comp. Laws § 257.625(1). The third prior conviction was for driving while visibly impaired in violation of Mich. Comp. Laws § 257.625(3). Appellant moved to dismiss the felony DWUI, asserting that her Michigan conviction for driving while visibly impaired could not be considered for enhancement purposes because that conviction did not constitute a violation of a "law prohibiting driving while under the influence" under Wyo. Stat. Ann. § 31-5-233(e).

[¶ 5] Following a hearing, the district court denied Appellant's motion to dismiss. In its order denying the motion to dismiss, the court stated that

> A comparison of Wyoming's Driving While Under the Influence statute and Michigan's Operating While Impaired statute demonstrate both seek to prevent operation of a motor vehicle when alcohol consumption (i.e. consumption of intoxicating liquors) affects a person's ability to operate a vehicle (i.e. results in the deprivation of a person's normal control of his bodily or mental faculties).

Appellant entered a conditional guilty plea to the charged felony DWUI, reserving the right to challenge the denial of her motion to dismiss. She was sentenced to twelve to fourteen months in prison. This appeal followed.

### STANDARD OF REVIEW

[¶ 6] Whether Appellant's Michigan conviction may be considered for enhancement purposes under Wyo. Stat. Ann. § 31-5-233(e) involves a question of statutory interpretation. We review questions of statutory interpretation *de novo*. *Harvey v. State*, 2011 WY 72, ¶ 6, 250 P.3d 167, 170 (Wyo.2011).

### DISCUSSION

[¶ 7] Appellant entered a conditional guilty plea to felony driving while under the influence in violation of Wyo. Stat. Ann.

§§ 31-5-233(b)(iii)(A) and (e). Those subsections provide, in relevant part, as follows:

§ 31-5-233. **Driving or having control of vehicle while under influence of intoxicating liquor or controlled substances; penalties.**

. . .

(b) No person shall drive or have actual physical control of any vehicle within this state if the person:

(i) Has an alcohol concentration of eight one-hundredths of one percent (0.08%) or more;

(ii) Has an alcohol concentration of eight one-hundredths of one percent (0.08%) or more, as measured within two (2) hours after the time of driving or being in actual physical control of the vehicle following a lawful arrest resulting from a valid traffic stop; or

(iii) To a degree which renders him incapable of safely driving:

(A) Is under the influence of alcohol;

. . .

(e) . . . On a fourth offense resulting in a conviction or subsequent conviction within ten (10) years for a violation of this section or other law prohibiting driving while under the influence, he shall be guilty of a felony and fined not more than ten thousand dollars ($10,000.00), punished by imprisonment for not more than two (2) years, or both.

The statute defines "[o]ther law prohibiting driving while under the influence" as "a statute of another state . . . which prohibits driving while under the influence of intoxicating liquor, alcohol, controlled substances or drugs." Wyo. Stat. Ann. § 31-5-233(a)(v).

[¶ 8] Appellant's prior convictions, all of which were received in Michigan, arose from violations of Mich. Comp. Laws § 257.625, which provides as follows:

§ 257.625. **Operating motor vehicle while intoxicated; operating motor vehicle when visibly impaired; . . .**

(1) A person, whether licensed or not, shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the park-

ing of vehicles, within this state if the person is operating while intoxicated. As used in this section, "operating while intoxicated" means any of the following:

(a) The person is under the influence of alcoholic liquor, a controlled substance, or a combination of alcoholic liquor and a controlled substance.

(b) The person has an alcohol content of 0.08 grams or more per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine, or, beginning October 1, 2013, the person has an alcohol content of 0.10 grams or more per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine.

. . .

(3) *A person,* whether licensed or not, *shall not operate a vehicle* upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state *when, due to the consumption of alcoholic liquor,* a controlled substance, or a combination of alcoholic liquor and a controlled substance, *the person's ability to operate the vehicle is visibly impaired.* If a person is charged with violating subsection (1), a finding of guilty under this subsection may be rendered.

(Emphasis added.) In Michigan, the phrase "visible impairment" means that the defendant's "ability to drive was so weakened or reduced by consumption of intoxicating liquor that defendant drove with less ability than would an ordinary, careful and prudent driver." *People v. Calvin,* 216 Mich.App. 403, 548 N.W.2d 720, 723 (1996).

[¶ 9] Appellant contends that driving while "visibly impaired" under Mich. Comp. Laws § 257.625(3) does not constitute a statute "which prohibits driving while under the influence of intoxicating liquor, alcohol, controlled substances or drugs" because driving while "visibly impaired" in Michigan is a lesser included offense of "operating while intoxicated" under Mich. Comp. Laws § 257.625(1). Appellant also contends that the visible impairment standard is satisfied by a lesser degree of intoxication than operating a vehicle while "incapable of safely

driving" as set forth in Wyo. Stat. Ann. § 31-5-233(b)(iii)(A), and is consequently not a qualifying offense for enhancement purposes under Wyo. Stat. Ann. § 31-5-233(e). The State claims, however, that Wyoming's enhancement provision does not restrict qualifying convictions to offenses that arise from violations of laws that are identical, or even substantially similar, to Wyoming's definition of driving while under the influence. It claims that the plain language of Wyoming's enhancement statute, in omitting any reference to the degree of intoxication required under another state's statute, does not limit qualifying convictions to those that arise under statutes which prohibit driving while under the influence "in exactly the same fashion and to the same degree that Wyoming does." We agree with the State.

[¶ 10] In determining whether Mich. Comp. Laws § 257.625 constitutes an "other law prohibiting driving while under the influence" under Wyo. Stat. Ann. § 31-5-233(e), we apply our usual rules of statutory interpretation.

Our paramount consideration is the legislature's intent as reflected in the plain and ordinary meaning of the words used in the statute. Initially, we determine whether the statute is clear or ambiguous.

A statute is clear and unambiguous if its wording is such that reasonable persons are able to agree on its meaning with consistency and predictability. Conversely, a statute is ambiguous if it is found to be vague or uncertain and subject to varying interpretations. If we determine that a statute is clear and unambiguous, we give effect to the plain language of the statute.

*Parks v. State,* 2011 WY 19, ¶ 11, 247 P.3d 857, 859 (Wyo.2011).

[¶ 11] Appellant's analysis attempts to focus our attention on the variation in the level of intoxication necessary to the offense of driving under the influence of alcohol to a degree which renders a person *incapable* of safely driving, in violation of Wyo. Stat. Ann. § 31-5-233(b)(iii)(A), and the level of intoxication necessary to the offense of driving with *less ability* than would an ordinary,

careful, and prudent driver, in violation of Mich. Comp. Laws § 257.625(3). We recognize that Wyoming precedent supports Appellant's contention that the offenses are different with respect to degree. In *Redland v. State*, 766 P.2d 1173, 1174 (Wyo.1989), this Court stated that "there is obviously a substantial difference between a standard of 'less able' to safely drive a motor vehicle and 'incapable' of safely driving a motor vehicle." Appellant's contention, however, largely misses the mark. Notwithstanding the fact that Wyo. Stat. Ann. § 31–5–233(b)(iii)(A) and Mich. Comp. Laws § 257.625(3) describe offenses requiring different levels of intoxication, we must look to the language of Wyoming's DWUI enhancement provision, contained in Wyo. Stat. Ann. § 31–5–233(e), to determine whether Appellant's Michigan conviction can be used to enhance her current conviction to a felony.

[¶ 12] As noted above, Wyo. Stat. Ann. § 31–5–233(e) states that a fourth conviction for "a violation of this section or other law prohibiting driving while under the influence" results in a felony. The statute makes no qualifying reference to laws that specify a certain blood-alcohol content, or that require a degree of intoxication which renders a person "incapable of safely driving," as set forth in Wyo. Stat. Ann. §§ 31–5–233(b)(i), (b)(ii), or (b)(iii). The statute also does not provide that another state's law "prohibiting driving while under the influence" must be "substantially similar," or even merely "similar," to Wyoming's law in order for a conviction to qualify for enhancement purposes. Likewise, the definition of "other law prohibiting driving while under the influence" gives no indication that the phrase incorporates Wyoming's criteria for conviction under Wyo.

Stat. Ann. §§ 31–5–233(b)(i), (b)(ii), or (b)(iii). Rather, Wyo. Stat. Ann. § 31–5–233(a)(v) defines "[o]ther law prohibiting driving while under the influence" simply as "a statute of another state ... which prohibits driving while under the influence of intoxicating liquor, alcohol, controlled substances or drugs." Again, the statutory definition makes no mention of a certain degree of intoxication that must be set forth in another state's statute in order for a conviction to qualify for enhancement purposes.

[¶ 13] Although we do not find Wyoming's DWUI enhancement provision to be ambiguous, we are nonetheless guided by well-established rules of statutory construction in determining whether Appellant's Michigan conviction for driving while visibly impaired is a qualifying conviction under Wyo. Stat. Ann. § 31–5–233(e). "[A] basic tenet of statutory construction is that omission of words from a statute is considered to be an intentional act by the legislature, and this court will not read words into a statute when the legislature has chosen not to include them." *Adelizzi v. Stratton*, 2010 WY 148, ¶ 11, 243 P.3d 563, 566 (Wyo.2010). Further, as we have previously noted,

> Where the legislature has specifically used a word or term in certain places within a statute and excluded it in another place, the court should not read that term into the section from which it was excluded. A word or words appearing in one section of a statute cannot be transferred into another section.

*In re Adoption of Voss*, 550 P.2d 481, 485 (Wyo.1976) (internal citation omitted).[1] In accordance with these rules of statutory construction, we must assume that the legislature did not intend to limit the qualifying

---

1. *Voss* emphasized the importance of these rules of statutory construction by providing ample legal authority:

   The omission of words from a statute must be considered intentional on the part of the legislature. *State v. Reese*, 1974, 12 Wash.App. 407, 529 P.2d 1119. Words may not be supplied in a statute where the statute is intelligible without the addition of the alleged omission. *Ward v. Yoder*, Wyo.1960, 355 P.2d 371, 376, *reh. den.*, 357 P.2d 180; *Montoya v. McManus*, 1961, 68 N.M. 381, 362 P.2d 771. Words may not be inserted in a statutory provision under the guise of interpretation. *Kirk-*

wood v. Bank of America Nat. Trust & Savings Ass'n., 1954, 43 Cal.2d 333, 273 P.2d 532. The Supreme Court will not read into laws what is not there. *Durante v. Consumers Filling Station Company of Cheyenne*, 1953, 71 Wyo. 271, 299, 257 P.2d 347, 356; *Cook v. Hill*, 1960, 224 Or. 565, 356 P.2d 1067. This court will not supply omissions in a statute and redress is with the legislature. *Lo Sasso v. Braun*, Wyo.1963, 386 P.2d 630, 631–632. We are alerted by all this to the result that it is just as important to recognize what a statute does not say as it is to recognize what it does say. *Id.*, 550 P.2d at 485.

convictions under Wyo. Stat. Ann. § 31–5–233(e) as urged by Appellant. There is simply no basis to conclude that Appellant's Michigan conviction for driving while "visibly impaired" cannot be used to enhance Appellant's current conviction to a felony.

[¶ 14] Our conclusion is further supported by Wyoming precedent interpreting the meaning of the phrase "driving while under the influence," as used in Wyo. Stat. Ann. § 31–5–233(e). In *Goich v. State,* 80 Wyo. 179, 339 P.2d 119 (Wyo.1959), the Court held that the phrase "under the influence of intoxicating liquor" means that "a person has taken into his stomach a sufficient quantity of intoxicating liquor so as to deprive him of the normal control of his bodily or mental faculties." *Id.,* 80 Wyo. at 184, 339 P.2d at 120; *see also State v. Dobbs,* 70 Wyo. 26, 40, 244 P.2d 280, 285 (Wyo.1952). When this definition is compared to Michigan's definition of visible impairment, which, as noted above, means that the defendant's "ability to drive was so weakened or reduced by consumption of intoxicating liquor that defendant drove with less ability than would an ordinary, careful and prudent driver," it is clear that Wyo. Stat. Ann. § 31–5–233(e) encompasses violations of Michigan's prohibition against driving while visibly impaired.

[¶ 15] The cases cited by Appellant as authority for the proposition that a conviction for driving while visibly impaired cannot be used to enhance her conviction are distinguishable based on the language of the applicable statutes in those jurisdictions. In *State v. Akins,* 795 N.E.2d 1093 (Ind.Ct.App.2003), the Indiana Court of Appeals was called on to determine whether a conviction for driving while visibly impaired under Mich. Comp. Laws § 257.625(3) could be used to enhance the defendant's conviction for operating a vehicle while intoxicated to a felony under Indiana's enhancement statute. *Id.,* 795 N.E.2d at 1098. As noted by the court, the Indiana statute provided that "A 'previous conviction of operating while intoxicated' includes a previous conviction 'in any other jurisdiction in which the elements of the crime for which the conviction was entered are *substantially similar* to the elements of a crime described in I.C. § 9–30–5–1 through I.C. § 9–30–5–9.' " *Id.,* 795 N.E.2d at 1096 (quoting I.C. 9–13–2–130(2)) (emphasis in

original). The court determined that the Michigan conviction could not be used for enhancement purposes because Michigan's statute prohibiting driving while visibly impaired was not substantially similar to Indiana's statute prohibiting operation of a vehicle while intoxicated. *Id.,* 795 N.E.2d at 1098.

[¶ 16] Likewise, in *State v. McNally,* 310 Mont. 396, 50 P.3d 1080, 1081 (2002), the issue presented to the Montana Supreme Court was "whether McNally's prior convictions under Colorado's 'Driving While Ability Impaired' provision qualified as DUI convictions when sentencing McNally for Felony DUI under Montana's DUI statutes." As in *Akins,* however, the *McNally* court noted that "When calculating the number of prior convictions for sentencing purposes, a prior DUI conviction includes 'conviction for a violation of a similar statute or regulation in another state.' Section 61–8–734(1)(a), MCA. Therefore, we must determine if the District Court correctly concluded that Colorado's DWAI was 'similar' to Montana's DUI provision." *Id.,* 50 P.3d at 1083. The court concluded that because the convictions were not "similar," the Colorado conviction for driving while ability impaired could not be used to enhance the defendant's Montana conviction to a felony. *Id.,* 50 P.3d at 1085.

[¶ 17] Finally, Appellant cites to *Oxendine v. Secretary of State,* 237 Mich.App. 346, 602 N.W.2d 847 (1999), in which the defendant's Michigan driver's license was revoked pursuant to a statute directing the secretary of state to revoke the driver's license of a person violating "a law of this state, a local ordinance substantially corresponding to a law of this state, *or a law of another state substantially corresponding to a law of this state* [.]" *Id.,* 602 N.W.2d at 849 (emphasis in original). The issue before the court was whether a North Carolina statute prohibiting impaired driving substantially corresponded to Michigan's statute prohibiting operating a vehicle while under the influence of liquor. *Id.,* 602 N.W.2d at 850. After noting that a substantially corresponding statute "must be limited in scope to conduct that reasonably approximates" the crime of operating under the influence of alcohol, the court held that the North Carolina statute prohibiting impaired driving did not substantially corre-

spond to Michigan's statute prohibiting driving while under the influence of liquor. *Id.,* 602 N.W.2d at 852; *but see Marciniak v. State,* 112 Nev. 242, 911 P.2d 1197, 1198 (1996) (per curiam) (concluding that a conviction for driving while visibly impaired in violation of Michigan statute "is the same or similar conduct as driving under the influence of alcohol" in Nevada and could be used to enhance the appellant's Nevada conviction) (citing *McAdam v. State,* 648 So.2d 1244 (Fla.2d Dist. Ct.App.1995)).

[¶ 18] As noted above, Wyoming's enhancement statute contains no requirement that a conviction for driving while under the influence must be received under a statute that is "similar," "substantially similar," or that "substantially corresponds" to Wyoming's statute prohibiting driving under the influence. As a result, the statutory element that was critical to the holdings in *Akins, McNally,* and *Oxendine* does not enter our analysis. Because Wyoming's enhancement provision, contained in Wyo. Stat. Ann. § 31–5–233(e), does not incorporate the elements of driving while under the influence of alcohol set forth in Wyo. Stat. Ann. §§ 31–5–233(b)(i), (b)(ii), or (b)(iii), we must conclude that Appellant's Michigan conviction for driving while visibly impaired may be used to enhance the current conviction to a felony.

[¶ 19] Affirmed.