2012 WY 134

**In the Matter of the Worker's Compensation Claim of Lance TALBOT, Appellant (Petitioner),**

**v.**

**STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Respondent).**

**No. S–12–0016.**

Supreme Court of Wyoming.

Oct. 18, 2012.

Representing Appellant: Bernard Q. Phelan, Phelan Law Offices, Cheyenne, Wyoming.

Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; John D. Rossetti, Deputy Attorney General; Michael J. Finn, Senior Assistant Attorney General; Brenda S. Yamaji, Assistant Attorney General.

Before KITE, C.J., and GOLDEN,* HILL, VOIGT, and BURKE, JJ.

VOIGT, Justice.

[¶ 1] The appellant received disability benefits due to a work-related injury. Those benefits were terminated as a result of the appellant's incarceration. Following his release, the appellant applied for reinstatement of the benefits. Although that application was initially denied, benefits were awarded following a contested case hearing. At that time, the appellant filed one application for retroactive benefits for the period during which his prior claim was contested and two additional applications for separate periods of prospective benefits. The Office of Administrative Hearings (OAH) denied all three claims for failure to comply with the Wyoming Worker's Compensation Act. The district court affirmed the denial of two of those applications and the appellant now appeals those denials. Because the applications did not comply with Wyo. Stat. Ann. § 27–14–501(b) (LexisNexis 2011), we affirm.

---

* Justice Golden retired effective September 30, 2012.

## ISSUE

[¶ 2] Did the hearing examiner err as a matter of law in determining that the Wyoming Worker's Compensation Act requires a separate examination for each period of certification of Temporary Total Disability benefits?

## FACTS

[¶ 3] On March 13, 2006, the appellant slipped on ice and injured his back in a work-related accident. Following this injury, the appellant applied to the Wyoming Workers' Safety & Compensation Division (Division) and received Temporary Total Disability (TTD) benefits until he became incarcerated in the Wyoming State Penitentiary. Following his parole, the appellant sought to have his benefits reinstated. On January 20 and 27, 2009, the appellant saw Dr. Cook who assessed the appellant's injuries and certified him disabled. The Division refused to pay due to a lack of evidence that the appellant's pain was a result of the 2006 injury. On September 17, 2009, following a contested case hearing, the OAH reversed that denial and awarded benefits to the appellant for the period January 27, 2009 through March 27, 2009.

[¶ 4] Following that reversal, the appellant applied for one period of retroactive benefits for the period when his disability determination was contested, and two periods of prospective benefits. On October 14, 2009, the appellant applied for benefits for the period October 15 through November 15, 2009. That application indicated April 2, 2009, as the date of the appellant's last doctor's examination. On October 27, 2009, the appellant applied for benefits for November 15 through December 15, 2009, with March 27, 2009, as the last date of an examination. Finally, on October 27, 2009, the appellant also applied for retroactive benefits for March 27 through "present," citing March 27, 2009, as the date of the last doctor's examination. All three claims were initially denied.

[¶ 5] The OAH found that the appellant's claims failed to satisfy the procedural requirements for an application for TTD benefits. Particularly, the claims did not comply with Wyo. Stat. Ann. §§ 27–14–404(d)(i) and 27–14–501(b) (LexisNexis 2011). The applicable portion of subsection (d)(i) reads as follows:

(d) ... Benefits under subsection (a) of this section shall not be paid if:

(i) An employee or his personal representative fails to file a claim for benefits within thirty (30) days after the first day immediately succeeding the first thirty (30) days of any certified period of temporary total disability[.]

Wyo. Stat. Ann. § 27–14–404(d)(i). Regarding the application for retroactive benefits for the certified period beginning March 27, the OAH found that there was no evidence that the TTD certification had been filed within sixty days of March 27. The OAH found that the appellant had not been examined for at least six months prior to the October 15, 2009, certification and, therefore, the application was properly denied by the Division.

[¶ 6] The OAH also found that the appellant's two applications for prospective benefits did not meet the procedural requirements of Wyo. Stat. Ann. § 27–14–501(b), which provides, in relevant part, as follows:

(b) Any health care provider attending an employee injured while engaged in any employment covered under this act and certifying temporary total disability under W.S. 27–14–404 shall examine the employee before certification and shall without charge file a written report with the division. Prior to each period of subsequent recertification of temporary total disability, the health care provider shall reexamine the employee and file without charge a written report with the division.

The OAH found that, because the appellant had not been examined from either March 27 or April 2, 2009 through December 6, 2009, the appellant had not been examined "prior to each period of subsequent recertification" as required by the statute and, therefore, denied the appellant's claims for benefits for the periods October 15 through November 15, and November 15 through December 15.

[¶ 7] The appellant appealed the OAH's denial of benefits to the district court. The

district court reversed the denial of benefits for the period October 15 through November 15, and affirmed the denial of the other two applications for benefits. Regarding the application for benefits for November 15 through December 15, the district court stated that:

> [E]ach certification or recertification for TTD benefits must be preceded by a separate medical examination. Wyo. Stat. Ann. § 27–14–501(b) ( [LexisNexis] 2011). The evidence from the contested case hearing established that Dr. Cook did not examine [the appellant] between April 2, 2009 and December 6, 2009. While the Court finds that [the appellant's] April 2, 2009 examination suffices for his October 15, 2009 application for TTD benefits, it does not suffice for more than one application.

[¶ 8] The district court also affirmed the denial of the appellant's application for retroactive benefits for the period March 27 through "present," albeit on different grounds than those given by the OAH. The district court pointed out that Wyo. Stat. Ann. § 27–14–404(d)(i), which requires that a claim be made within sixty days of the start of the certified period of TTD, does not apply to claims, such as the appellant's, which accrue during contested case proceedings where the application is for continuing benefits. Instead, the district court affirmed the denial on the basis of a different statutory requirement: "Prior to each period of subsequent recertification of temporary total disability, the health care provider shall reexamine the employee and file without charge a written report with the division." Wyo. Stat. Ann. § 27–14–501(b). The district court found that there was no evidence that the appellant had been examined prior to March 27, the first day of the application period. Although the appellant had been examined on January 20 and 27, those examinations were relevant to the application for benefits for January 27 through March 27. The district court found that the appellant's next examination was not until April 2, six days after the start of the period for which benefits were requested.

[¶ 9] The appellant now appeals the district court's decision affirming the denial of both his application for retroactive benefits for March 27 to "present" and his application for prospective benefits for November 15 to December 15.

## STANDARD OF REVIEW

[¶ 10] No deference shall be given to an appeal of a district court's review of an administrative agency's decision and "we review the case as if it had come directly to us from the administrative agency." *Dale v. S & S Builders, LLC,* 2008 WY 84, ¶ 8, 188 P.3d 554, 557 (Wyo.2008) (quoting *Newman v. State ex rel. Wyo. Workers' Safety & Comp. Div.,* 2002 WY 91, ¶ 7, 49 P.3d 163, 166 (Wyo.2002)).

[¶ 11] "We will affirm an agency's legal conclusion only if it is in accordance with the law." *Dale,* 2008 WY 84, ¶ 26, 188 P.3d at 562 (quoting *Diamond B Servs., Inc. v. Rohde,* 2005 WY 130, ¶ 12, 120 P.3d 1031, 1038 (Wyo.2005)).

## DISCUSSION

[¶ 12] A health care provider must examine an applicant for TTD benefits before certifying the applicant disabled. Wyo. Stat. Ann. § 27–14–501(b). The applicant then must file his claim within sixty days of the first day of the certified period of TTD. Wyo. Stat. Ann. § 27–14–404(d)(i). The OAH affirmed the denial of the appellant's application for retroactive benefits on the basis of this latter statute. This Court, however, has limited the application of Wyo. Stat. Ann. § 27–14–404(d) in situations where benefits have been terminated and become subject to a contested case hearing. "[T]he procedures mandated in Wyo. Stat. Ann. § 27–14–404(d) do not apply to claims which accrue during contested case proceedings." *State ex rel. Wyo. Workers' Comp. Div. v. Gerdes,* 951 P.2d 1170, 1174 (Wyo.1997).

[¶ 13] In *Gerdes,* the claimant objected to the Division's termination of her benefits after it received a letter from the claimant's doctor stating that she had reached maximum medical improvement. *Id.* at 1172. After a hearing, the OAH sided with the claimant and awarded retroactive benefits. *Id.* at 1172–73 The Division appealed, arguing in

part that the retroactive award was inappropriate because the claimant did not file a claim pursuant to Wyo. Stat. Ann. § 27–14–404(d). *Id.* at 1173. In the instant case, however, the appellant did file a claim as required by the statute. That claim, although initially denied, was later awarded after a contested case hearing. Following the award, the appellant filed additional claims (including those in dispute here), one of which was for the retroactive period during which the earlier claim was contested.

[¶ 14] The distinction between *Gerdes* and this case is that in the former, the contested case resulted in an award of retroactive benefits for a period during which the appellant did not comply with Wyo. Stat. Ann. § 27–14–404(d). Here, on the other hand, the appellant, following a contested case hearing resulting in a reversal of a denial of benefits, applied for retroactive benefits for the period during which his TTD status was contested. The appellant did not meet the sixty-day filing deadline found in Wyo. Stat. Ann. § 27–14–404(d) because he awaited the outcome of the contested case proceedings before applying. Despite this distinction, the rationale given by this Court in *Gerdes* for limiting Wyo. Stat. Ann. § 27–14–404(d) is applicable here as well. In that case, this Court focused on the fact that the purpose of the statute is diminished when a final determination terminating benefits has been issued. "[T]he purpose of the procedural requirements of Wyo. Stat. Ann. § 27–14–404(d) does not appertain to the period following a final determination that benefits be terminated. After a final determination, no number of filings or certifications will reinstate the benefits or allow the claim to be heard on its merits." *Gerdes,* 951 P.2d at 1174. Although the Division correctly points out that *Gerdes* requires the claimant to show at the hearing that he is entitled to continuing benefits, that requirement applies to the benefits at issue in the contested case hearing. Here, the appellant applied for retroactive benefits in a separate application following the outcome of the contested case hearing. For these reasons, we will not affirm the denial of the appellant's application for retroactive benefits for failure to comply with Wyo. Stat. Ann. § 27–14–404(d)(i). This statute, however, is not the only one with which an application for TTD benefits is expected to comply.

[¶ 15] On appeal, the appellant argues that the Wyoming Worker's Compensation Act does not require separate examinations for each application for TTD and that such an interpretation would result in repetitive examinations. The language of the relevant statute is as follows:

> (b) Any health care provider attending an employee injured while engaged in any employment covered under this act and certifying temporary total disability under W.S. 27–14–404 shall *examine the employee before certification* and shall without charge file a written report with the division. *Prior to each period of subsequent recertification* of temporary total disability, the health care provider shall *reexamine* the employee and file without charge a written report with the division.... Any health care provider certifying or recertifying temporary total disability without an examination of the employee shall be reported to the state licensing board for the respective health care provider.

Wyo. Stat. Ann. § 27–14–501(b) (emphasis added). In analyzing the language of the statute, "[o]ur paramount consideration is the legislature's intent as reflected in the plain and ordinary meaning of the words used in the statute." *Spreeman v. State,* 2012 WY 88, ¶ 10, 278 P.3d 1159, 1162 (Wyo.2012) (quoting *Parks v. State,* 2011 WY 19, ¶ 11, 247 P.3d 857, 859 (Wyo.2011)). The statute's inclusion of the word *"each "* in the statement "[p]rior to *each* period of subsequent recertification ... the health care provider shall reexamine the employee" necessarily requires a separate examination. The legislature purposely chose to require reexamination prior to *each* period of subsequent recertification. The inclusion of *"each "* serves to emphasize that there must be an examination every time an applicant reapplies for benefits. This would seem logical as the legislature would want to ensure that an applicant for ongoing TTD benefits still needs those benefits. Contrary to the appellant's argument, the language of the statute

does require a separate examination for each certification.

[¶ 16] The appellant's applications for TTD benefits were properly denied by the OAH because Wyo. Stat. Ann. § 27–14–501(b) requires a separate reexamination for each recertification period. Although the district court addressed three separate applications for benefits, only two of those applications are at issue in the instant case because the district court reversed the OAH's denial of benefits for one of those applications, finding that the applications were in compliance with Wyo. Stat. Ann. § 27–14–501(b), contrary to the findings of the OAH, because a health care provider reexamined the appellant on April 2, 2009. Although it is not clear from the record whether this visit occurred on April 2 or March 27, it does seem clear that this was the only time the appellant was examined prior to the three separate periods of recertification. As discussed above, Wyo. Stat. Ann. § 27–14–501(b) requires a separate reexamination for each period of subsequent recertification. Because this examination was the basis for the appellant's receipt of benefits for the period October 15 through November 15, it cannot also serve as the requisite examination for any later period of recertification. A health care provider did not reexamine the appellant, as required by Wyo. Stat. Ann. § 27–14–501(b), prior to each of the recertification periods at issue in this appeal and therefore we will affirm the denial of TTD benefits for both applications.

## CONCLUSION

[¶ 17] The Wyoming Worker's Compensation Act requires a separate physical examination prior to each certified period of disability. Because a health care provider did not perform a separate examination for each of the appellant's applications for TTD benefits, we will affirm the district court's decision to deny benefits to the appellant.